UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-1221 KJN P |
| Plaintiff, | |
| v. | ORDER |
| A. CHANDRA, et al., | |
| Defendants. | |

I. Introduction

    Plaintiff is a state prisoner, proceeding pro se and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's original complaint is before the court. As discussed below, plaintiff is granted the option of pursuing solely his First Amendment claims against defendant A. Chandra and his putative due process claim against defendant J. Quiring, or filing an amended complaint in an attempt to state a cognizable claim as to other defendants.

II. Screening Standards

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

<u>The Civil Rights Act</u>

To state a claim under § 1983, a plaintiff must allege facts showing that (1) the violation of a federal constitutional or statutory right; and (2) the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v.

2

Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

III. Plaintiff's Complaint

In his first and second claims, plaintiff claims he was subjected to retaliation and targeted for his First Amendment right to file grievances and seek redress without being subjected to adverse acts. Specifically, plaintiff alleges defendant A. Chandra verbally threatened to have plaintiff moved out of his housing assignment because plaintiff filed a grievance against A. Chandra; such threats would chill a person of ordinary firmness from conducting future protected activities and failed to advance a legitimate correctional goal. (ECF No. 1 at 4.) Plaintiff further alleges that defendant A. Chandra filed a false rules violation report against plaintiff in retaliation for plaintiff's First Amendment activities. Plaintiff was cited for delaying a peace officer's duties. (ECF No. 1 at 10.) Defendants K. Mohr and Lt. J. Charon reviewed and signed the violation report. (ECF No. 1 at 11-12.) Defendant J. Quiring was the Senior Hearing Officer ("SHO"), who failed to call plaintiff's witnesses, and found plaintiff guilty, imposing the following punishment: placing plaintiff in C-Status Inmate Segregated Housing and program/property restriction for 90 days. Defendant J. Weiss certified J. Quiring's decision. Plaintiff also claims that defendant P. Covello, as warden of Mule Creek State Prison ("MCSP"), was put on notice of the improper conduct of defendants A. Chandra, K. Mohr, J. Quiring, J. Charon, and J. Weiss "by a number of complaints and grievances filed by inmates," but has failed

to properly train or discipline defendants for their misconduct. (ECF No. 1 at 16.) Plaintiff claims he was injured by the resulting 90-day confinement to his cell, including deprivation of all outdoor exercise, all entertainment devices, including tv, radio or CD player; books, games and cards; any form of art and craft material; ability to work; and the denial of medically prescribed mental health treatment, which aggravated his chronic depressive disorder. In addition, while in segregated housing, a licensed psychiatrist evaluated plaintiff's chronic depressive disorder, found the disorder had been exacerbated by such confined housing, and increased plaintiff's prescriptions to include daily doses of Prozac and Visteril. (ECF No. 1 at 18.)

In his third claim, plaintiff alleges violation of his Eighth Amendment rights claiming denial or intentional interference with plaintiff's medical treatment and denial of all outdoor exercise for 90 days, which aggravated plaintiff's serious medical condition. But he also marked the "retaliation" box. (ECF No. 1 at 6.) Plaintiff alleges defendants Osaghae and L. Sullivan failed to provide plaintiff's prescribed daily mental health treatment and care.

In his fourth claim, plaintiff again alleges retaliation. (ECF No. 1 at 7.)

Plaintiff seeks, *inter alia*, money damages, and an order voiding the disciplinary charges imposed. Plaintiff names 8 individuals as defendants including Warden P. Covello, MCSP; three correctional officers, two correctional lieutenants, and two mental health clinicians at MCSP.

IV. Discussion

Cognizable Claims

The court reviewed plaintiff's complaint and, for the limited purposes of § 1915A screening, finds that it states a potentially cognizable retaliation claim against defendant A. Chandra. See 28 U.S.C. § 1915A.

The court also finds that plaintiff states a potentially cognizable due process claim against defendant J. Quiring based on Quiring's failure to afford procedural due process during the hearing on the allegedly false rules violation report. See Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986) (holding that the filing of a false disciplinary charge against a prisoner is not actionable under § 1983 if prison officials provide the prisoner with procedural due process protections); Hanrahan v. Lane, 747 F.2d 1137, 1141 (7th Cir. 1984) ("[A]n allegation that a

prison guard planted false evidence which implicates an inmate in a disciplinary infraction fails to state a claim for which relief can be granted where the procedural protections . . . are provided."); see also Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530 at *3 (E.D. Cal. Sept. 18, 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirement[ ] . . . .' ") (quoting Hanrahan, 747 F.2d at 1140).

Prisoners subjected to disciplinary action are entitled to certain procedural protections under the Due Process Clause, although they are not entitled to the full panoply of rights afforded to criminal defendants. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974); see also Superintendent v. Hill, 472 U.S. 445, 455-56 (1985); United States v. Segal, 549 F.2d 1293, 1296099 (9th Cir. 1977) (prison disciplinary proceedings command the least amount of due process along the prosecution continuum). Prison disciplinary actions are subject to the following procedural requirements under Wolff: (1) written notice of the charges; (2) a hearing, with at least 24-hours advance notice; (3) a written statement by the fact finders of the evidence relied on and the reasons for taking disciplinary action; (4) the prisoner's right to call witnesses in his or her defense, if doing so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to prisoners who are illiterate or whose issues are particularly complex. Wolff, 418 U.S. at 556-71.

In his complaint, plaintiff alleges that defendant J. Quiring failed to call plaintiff's witnesses and failed to consider plaintiff's documentary evidence demonstrating that defendant A. Chandra issued the violation in retaliation. (ECF No. 1 at 12-14.) In light of such allegations, the court finds plaintiff stated a potentially cognizable due process claim. See Wolff, 418 U.S. at 571 (finding arbitrary decision making and dishonest suppression of innocence violates due process).

Noncognizable Claims

For the reasons set forth below, the undersigned finds plaintiff does not state cognizable First or Eighth Amendment claims.

////

////

<u>Retaliation Claims Against Defendants K. Mohr, J. Charon, J. Quiring and J. Weiss</u>

To the extent plaintiff attempts to allege retaliation claims against defendants K. Mohr, J. Charon, J. Quiring and J. Weiss, such effort fails because he did not plausibly allege that each defendant acted because of plaintiff's protected conduct, or that their actions "did not reasonably advance a legitimate correctional goal." <u>Rhodes v. Robinson</u>, 408 F.3d 559, 567-68 (9th Cir. 2005). "Within the prison context, a viable retaliation claim entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." <u>Id.</u> The fact that defendants K. Mohr and J. Charon signed off on the prison disciplinary does not demonstrate they did so in retaliation for plaintiff's protected conduct. Indeed, plaintiff alleges no facts showing that K. Mohr and J. Charon were aware of plaintiff's protected conduct. Similarly, that defendant J. Quiring held the hearing on the disciplinary, and defendant J. Weiss certified J. Quiring's decision, also fail to show they did so in retaliation for plaintiff's protected conduct. Even if plaintiff objected during the hearing that the charges of delaying a peace officer's duties were filed in retaliation for plaintiff's protected conduct, absent facts not alleged here, J. Quiring's acts in ruling on the violation and J. Weiss' acts in certifying the decision are insufficient to state a retaliation claim. Therefore, plaintiff's retaliation claims against such defendants are dismissed with leave to amend.

<u>Claims Against Defendant P. Covello</u>

Plaintiff claims that defendant P. Covello, as warden, was put on notice of the improper conduct of defendants A. Chandra, K. Mohr, J. Quiring, J. Charon, and J. Weiss "by a number of complaints and grievances filed by inmates," but failed to properly train or discipline defendants for their misconduct. (ECF No. 1 at 16.) Broad allegations that a warden is legally responsible based on unsubstantiated complaints and grievances by unidentified inmates are insufficient to state a claim. Such allegations are too vague and conclusory to determine whether plaintiff can state a cognizable civil rights claim as to defendant P. Covello. Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. <u>See</u>

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient). However, in an abundance of caution, plaintiff is granted leave to amend as to defendant P. Covello.

<u>Eighth Amendment Medical/Mental Health Care Claims</u>

In his third claim, plaintiff's allegations are unclear; he marked the "retaliation" box, but also claims that defendants' intentional acts or omissions violated plaintiff's Eighth Amendment rights. (ECF No. 1 at 6.) As supporting facts, plaintiff refers the reader to "Claim I statement of supporting facts," and then as injury, writes: (1) Denial or intentional interference with [plaintiff's] prescribed daily medically necessary treatment and care (2) denial of all access to outdoor exercise for 90 days (3) the aggravation of [plaintiff's] medically diagnosed serious medical condition." (Id.) The bulk of his attached typewritten "supporting facts" involve his allegations concerning retaliation, each page of which is clearly marked "Claim I." (ECF No. 1 at 9-18.)

That said, plaintiff does allege that his removal from general population and placement in C-Status segregated housing deprived him of the ongoing direct supervision of defendants Osaghae and L. Sullivan because plaintiff was being treated at the CCCMS level of care, and the segregated housing subjected him to the myriad deprivations identified above. (ECF No. 1 at 18.) Plaintiff claims he "requested for defendants Osaghae and L. Sullivan 'to take any necessary steps' to ensure his housing conditions did not interfere or deny [plaintiff's] access to his prescribed daily necessary mental health treatment and care." (ECF No. 11 at 18.) However, defendants Osaghae and L. Sullivan "elected not to intervene while acting as [plaintiff's] mental health [primary care physician] to ensure [plaintiff] received his prescribed daily necessary mental health treatment and care." (Id.)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and

7

(2) "the defendant's response to the need was deliberately indifferent." Id. (some internal quotation marks omitted) (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992)).

Indications that a prisoner has a serious medical need for treatment include the "'existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez, 203 F.3d at 1131 (quoting McGuckin, 974 F.2d at 1059-60).

Deliberate indifference is established only where the defendant subjectively "knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (citation and internal quotation marks omitted).  Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation.  Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

Deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988) (citing Estelle, 429 U.S. at 104-05).  A difference of opinion between an inmate and prison medical personnel -- or between medical professionals -- regarding the appropriate course of treatment does not amount to deliberate indifference to serious medical needs.  Toguchi, 391 F.3d at 1058; Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  To prevail, a plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations omitted).

Here, plaintiff fails to provide sufficient facts for the court to determine whether plaintiff can state a cognizable Eighth Amendment claim against defendants Osaghae or L. Sullivan.

1  Plaintiff fails to explain how he asked such defendants "to take any necessary steps" to avoid
2  interference with his mental health care. (ECF No. 1 at 18.) But it is unclear whether such
3  defendants, as mental health clinicians, had authority to do so, particularly in light of the decision
4  on the rules violation. Plaintiff alleges that he was housed in Facility A, Unit 1, Cell 217, but
5  once he was found guilty of the rules violation, he was moved to C-Status Segregated Housing,
6  Unit 4, Cell 114. Plaintiff fails to set forth facts demonstrating that either Osaghae or L. Sullivan
7  remained responsible for plaintiff's mental health care once he was moved to a different unit.
8  Indeed, he then alleges that he was evaluated by a licensed psychiatrist while housed in
9  segregated housing. Not only does this suggest that Osaghae and L. Sullivan were not
10 responsible for plaintiff's mental health care while he was housed in segregated housing, it also
11 demonstrates that plaintiff was provided mental health care during such housing. Absent facts not
12 alleged here, the undersigned cannot find that plaintiff states cognizable Eighth Amendment
13 claims as to defendants Osaghae or L. Sullivan. Plaintiff's claims as to Osaghae and L. Sullivan
14 are dismissed without prejudice.
15      As to the remaining defendants, plaintiff alleges no specific facts suggesting a violation of
16 plaintiff's Eighth Amendment rights in the context of medical care.
17 VI.  Plaintiff's Options
18      Plaintiff may proceed forthwith to serve defendant A. Chandra and J. Quiring and pursue
19 his First Amendment claim as to defendant A. Chandra and his due process claim as to defendant
20 J. Quiring, or he may delay serving any defendant and attempt to state a cognizable claim against
21 the remaining defendants.
22      If plaintiff elects to attempt to amend his complaint to state a cognizable claim against the
23 remaining defendants, he has thirty days so to do. He is not obligated to amend his complaint.
24      If plaintiff elects to proceed forthwith against defendants A. Chandra and J. Quiring,
25 against whom he stated a potentially cognizable claim for relief, then within thirty days he must
26 return the appended notice of election form. In this event the court will construe plaintiff's
27 election as consent to dismissal of all claims against the remaining defendants without prejudice.
28 ////

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The charging allegations must be set forth in the amended complaint so defendants have fair notice of the claims plaintiff is presenting. In other words, plaintiff should refrain from claiming acts or omissions by "defendants," and should instead specifically identify each defendant by name

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8. The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, 84 F.3d at 1179-80. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a

series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft, 556 U.S. at 678 (citing Bell Atlantic, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

§ 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Claims against defendants K. Mohr, J. Charon, J. Quiring, J. Weiss, P. Covello, Osaghae, and L. Sullivan are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants.  Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient to state a potentially cognizable First Amendment claim against defendant A. Chandra and a due process claim against defendant J. Quiring.  See 28 U.S.C. § 1915A.  Within thirty days of service of this order plaintiff may return the attached Notice of Election form choosing to forthwith serve defendants A. Chandra and J. Quiring.  If so elected, the court will issue an order directing e-service on such defendant.  Defendants will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).  In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against the remaining defendants without prejudice.

5. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated:  February 1, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/garc1221.14o

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-1221 KJN P |
| Plaintiff, | |
| v. | NOTICE OF ELECTION |
| A. CHANDRA, et al., | |
| Defendants. | |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with his First Amendment claim against defendant A. Chandra and due process claim against defendant J. Quiring.

_____    Plaintiff consents to dismissal of his First Amendment retaliation claims against defendants K. Mohr, J. Charon, J. Quiring. J. Weiss and P. Covello; and his Eighth Amendment claims against defendants Osaghae and L. Sullivan, without prejudice.

**OR**

\_\_\_\_\_    Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
Plaintiff