UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22cv1221 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. CHANDRA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. On August 2, 2024, plaintiff filed his first motion to modify the Discovery and Scheduling Order. As discussed below, plaintiff's motion is granted.

Background

This action proceeds on plaintiff's amended complaint against defendants A. Chandra, K. Mohr, J. Quiring, J. Charon, and J. Weiss for allegedly retaliating against plaintiff in violation of the First Amendment, violating plaintiff's Eighth Amendment rights, and conspiring to violate plaintiff's constitutional rights; and against defendants Quiring and Weiss for allegedly violating plaintiff's due process rights. (ECF No. 14.)

On May 14, 2024, the Court issued the Discovery and Scheduling Order, setting the discovery deadline for September 13, 2024, and the pretrial motions deadline for December 6, 2024. (ECF No. 26.) The order required written discovery requests to be served no later than

1

sixty days prior to the discovery deadline (September 13, 2024) and granted the parties 45 days after the written discovery is served to file their responses. (ECF No. 26 at 5 ¶¶ 1, 2.)

### Governing Standards

"The district court is given broad discretion in supervising the pretrial phase of litigation." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992) (citation and internal quotation marks omitted). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson, 975 F.2d at 607).

### Plaintiff's Motion

Plaintiff seeks to extend the discovery deadline by thirty days. (ECF No. 28 at 1.) In his accompanying declaration, plaintiff states that he served discovery requests on counsel for defendants on June 16, 2024. (Id. at 3.) On July 17, 2024, plaintiff wrote to defendants' counsel seeking their discovery responses or to meet and confer within fifteen days to comply with the scheduling order deadlines. (Id.) In his July 17, 2024 letter to defendants' counsel, plaintiff also pointed out that he timely responded to defendants' discovery requests. (Id. at 5.) On July 16 or 17, 2024, plaintiff received a phone call from defendants' counsel seeking an extension of time to obtain some records. (Id.) Plaintiff conveyed his need to receive timely responses to his discovery requests; in response, plaintiff claims defendants' counsel stated her office would seek an extension from the Court.[1] (Id.) Counsel did not respond to plaintiff's July 17, 2024 letter. (Id.)

On August 6, 2024, plaintiff again wrote to defendants' counsel noting it had been 50 days since plaintiff served his discovery requests. (Id.) On August 20, 2024, plaintiff received responses to his discovery requests, and contends that the responses were mostly objections and provided the wrong documents, and he claims that the documents he requested were not provided

---

[1] The Court record does not reflect that defendants sought an extension of time to respond to plaintiff's discovery requests.

based on defendants' claims that for the most part they could not understand the requests and sought to meet and confer.  (Id. at 4.)  On August 25, 2024, plaintiff wrote to defendants requesting a meet and confer as soon as possible.  (Id.)

Discussion

Plaintiff served his discovery requests on June 16, 2024; therefore, defendants' responses were due on or before August 2, 2024, because July 31, 2024, fell on a Saturday.  See Fed. R. Civ. P. 6(a)(1)(C).  Plaintiff did not indicate the date defendants served the responses on plaintiff, but it is unlikely it took 18 days for the discovery responses to reach plaintiff on August 20, 2024.

Plaintiff has demonstrated his diligence in responding to discovery requests, in seeking discovery from defendants, and following up when no responses were received.  The Court finds that there is good cause to extend the discovery deadline.  Defendants' counsel is encouraged to meet and confer with plaintiff concerning the discovery requests as soon as possible so that plaintiff may meet the revised discovery deadline.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to modify the Discovery and Scheduling Order (ECF No. 28 is granted.
2. The discovery deadline is extended from September 13, 2024, until October 13, 2024.
3. Defendants' counsel is encouraged to meet and confer with plaintiff concerning the discovery requests as soon as possible.

Dated:  September 6, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc1221.16b