UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-1221 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. CHANDRA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint under 42 U.S.C. § 1983.  Plaintiff's motions for the appointment of an expert witness are before the Court.  As discussed below, plaintiff's motions are denied without prejudice.

I.      PLAINTIFF'S ALLEGATIONS

In his first amended complaint ("FAC"), plaintiff alleges that while he was housed at Mule Creek State Prison ("MCSP"), defendants A. Chandra, K. Mohr, J. Quiring, J. Charon, and J. Weiss:  (a) retaliated against plaintiff in violation of the First Amendment by, inter alia, verbally threatening plaintiff, and issuing a rules violation report ("RVR") asserting false allegations in retaliation for plaintiff filing a grievance against defendant A. Chandra; (b) violated plaintiff's Eighth Amendment rights by, inter alia, housing him in segregated housing and detention, resulting in a long term deprivation of outdoor exercise, despite plaintiff's chronic depressive disorder and serious medical and mental health needs; and (c) conspired to violate

plaintiff's constitutional rights. (ECF No. 14.) In addition, plaintiff alleges that defendants Quiring and Weiss violated plaintiff's due process rights in connection with the hearing on the rules violation report asserting false allegations. (Id.)

II.     PLAINTIFF'S MOTIONS FOR EXPERT WITNESSES

   A.     Psychiatric and Mental Health Expert

In his first motion, plaintiff seeks the appointment of an expert witness in the field of psychiatry and mental health treatment and care. (ECF No. 27.) Plaintiff argues that this case involves complex issues of fact, and an expert is required to assist the Court in evaluating plaintiff's medically diagnosed chronic depressive disorder and serious medical needs and determining whether subjecting him to C-Status segregated housing and detention and the lengthy deprivation of outdoor exercise "severely aggravated [plaintiff's] condition or caused him serious harm and injury." (ECF No. 27 at 3.) Further, plaintiff contends such expert is required to consider defendants' judgment in ordering plaintiff to be detained in segregated housing and denying plaintiff outdoor exercise for ninety days despite prison policies and procedures that warned defendants of the danger such housing posed to inmates like plaintiff. (Id. at 4.) In addition, plaintiff argues that his indigency and incarceration limits his ability to obtain a neutral expert which plaintiff needs to present his case to the fact finder. (Id.) Finally, plaintiff contends that only allowing him to introduce medical records and other documentary evidence without a neutral expert's testimony would deny plaintiff a fair trial. (Id. at 5.) He argues that "civil rights actions are entitled to a privileged position 'because fundamental Constitutional rights are at stake.'" (Id. (quoting Gorton v. Todd, 793 F. Supp. 2d 1171, 1185 (E.D. Cal. 2011)).)

   B.     Prison Electronic Records Expert

Plaintiff seeks the appointment of a neutral expert familiar with policies and procedures of the California Department of Corrections and Rehabilitation ("CDCR") regarding the maintenance and retention of prison records who can audit all existing records kept and maintained within the MCSP Electronic Records Management System ("ERMS") computer relevant to RVR #006953258 and testify as to "the actual date said RVR was generated with information [inputted] by defendant A. Chandra reporting the CDCR disciplinary charges against

[plaintiff]." (ECF No. 31 at 1-2.)  Plaintiff contends that the key material fact in dispute is the true date RVR # 006953258 was issued:  the original copy of RVR # 006953258 served on plaintiff shows defendant A. Chandra filed the RVR on January 12, 2020, but the document produced by defendants during discovery contains information input by staff claiming the RVR was filed by defendant A. Chandra on January 2, 2020, and defendant K. Mohr claims the RVR was submitted for supervisor review between January 2 and 11, 2020.  (Id. at 3, 4.)  Plaintiff argues that such dispute of fact is critical to his retaliation claim because plaintiff filed a grievance against defendant A. Chandra on January 2, 2020, and if the RVR was generated after plaintiff filed his grievance against A. Chandra, it supports plaintiff's retaliation claim; and if the RVR was filed on January 12, 2020, such finding would render false defendant Mohr's claim that the RVR was submitted for review between January 2 and 11, 2020, and would support plaintiff's conspiracy and retaliation claim.  (Id. at 5.)  In addition, because plaintiff is incarcerated, prison administrators will not permit him to access the MCSP ERMS computer to examine computer records, and his indigency limits his ability to obtain a neutral expert.  (Id.)  Plaintiff claims that "defendants are not being honest in producing records that establish the actual date the RVR in question was generated and filed with the CDCR."  (Id.)  Plaintiff contends that without such neutral expert testimony he will be denied a fair trial because fundamental Constitutional rights are at issue.  (Id.)

III.    STANDARDS GOVERNING MOTIONS FOR EXPERT WITNESSES

In pertinent part, Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training or education may testify in the form of an opinion or otherwise if:  (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue."  Fed. R. Evid. 702(a).  Rule 706 of the Federal Rules of Evidence authorizes the Court to appoint an independent expert.  Fed. R. Evid. 706.  Such an appointment is within the discretion of the trial judge.  Walker v. Am. Home Shield Long Term Disability Plan, 180 F.3d 1065, 1071 (9th Cir. 1999).

///

Where a party has filed a motion for appointment of a neutral expert witness pursuant to Rule 706, the court must provide a reasoned explanation of its ruling on the motion. See Gorton, 793 F. Supp. 2d at 1178-79. Appointment of a neutral expert may be appropriate when "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in issue." Brooks v. Tate, 2013 WL 4049043, at *1 (E.D. Cal. Aug 7, 2013) (citing Ledford v. Sullivan, 105 F.3d 354, 358-59 (7th Cir. 1997)). An expert witness may be appropriate if the evidence consists of complex scientific evidence. McKinney v. Anderson, 924 F. 2d 1500, 1511 (9th Cir. 1991), cert. granted, judgment vacated sub nom. Helling v. McKinney, 502 U.S. 903 (1991), and judgment reinstated, 959 F. 2d 853 (9th Cir. 1992). However, "expert witnesses should not be appointed under Rule 706 where not necessary or significantly useful for the trier of fact to comprehend a material issue in a case" and "there also must be some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Gorton, 793 F. Supp. 2d at 1181.

III. DISCUSSION

First, to the extent plaintiff seeks appointment of an expert witness for his benefit, or to prove his case, the Court has no authority to grant such motion. Rule 706(a) of the Federal Rules of Evidence permits the Court to appoint only neutral expert witnesses. Id. An expert appointed pursuant to Rule 706 does not serve as an advocate for either party and each party retains the ability to call its own experts. Fed. R. Evid. 706(e); Faletogo v. Moya, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) (Rule 706 "does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties.").

Second, "28 U.S.C. § 1915 does not authorize the court to appoint an expert for plaintiff's benefit to be paid by the court." Gorton, 793 F. Supp. 2d at 1184 n.11. Courts do not invoke Rule 706 simply to "appoint an expert on behalf of an indigent civil party." Woodroffe v. Oregon, 2014 WL 1383400, at *5 (D. Or. Apr. 8, 2014); see also Gorton, 793 F. Supp. 2d at 1178 n.6 (Rule 706 did not permit the appointment of a neutral expert witness solely for an indigent prisoner's "own benefit" in aiming to prove deliberate indifference).

///

Third, plaintiff's motions for a neutral expert witness are premature.  A neutral expert witness may be necessary where there is "some evidence, admissible or otherwise, that demonstrates a serious dispute that could be resolved or understood through expert testimony." Gorton, 793 F. Supp. 2d at 1181.  At the time plaintiff filed his motions, the parties were still engaged in discovery, and plaintiff's motion to compel discovery responses is pending.  There are no pending motions on which the Court may require special assistance, such as to resolve a motion for summary judgment.

Finally, at least at this juncture, plaintiff's claims of deliberate indifference to serious medical and mental health needs, retaliation and conspiracy are not so complex as to require an expert witness.  See Noble v. Adams, 2009 WL 3028242, at *1 (E.D. Cal. Sept. 16, 2009) (denying the plaintiff's request to appoint medical expert witness in § 1983 action because "the issues are not so complex as to require the testimony of an expert"); Lopez v. Scribner, 2008 WL 551177, at *1 (E.D. Cal. Feb. 27, 2008) (denying the plaintiff's request to appoint medical expert witness in § 1983 action because "the legal issues involved in this action are not particularly complex"); Cejas v. Paramo, 2023 WL 2755117, at *1 (S.D. Cal. Mar. 31, 2023) (denying the plaintiff's request to appoint an expert witness because his retaliation claim was not so complex to warrant the appointment of an expert witness).

Plaintiff contends that a neutral medical expert is required to evaluate whether the long term deprivation of outdoor exercise severely aggravated plaintiff's medical or mental health needs, causing him injury.  (ECF No. 27 at 3-4.)  However, plaintiff's claims do not raise "probing, complex questions" or require consideration of complex scientific evidence.  See Ledford, 105 F.3d at 359; McKinney v. Anderson, 924 F. 2d at 1511; Sekerke v. Arkwright, 2023 WL 1453147, at *7-8 (S.D. Cal. Feb. 1, 2023) (denying appointment of expert witness for lack of complexity under Rule 706).  On the contrary, the effects of long term deprivation of outdoor exercise on someone diagnosed with chronic depressive disorder are not so complex as to be "beyond a lay person's grasp," and a trier of fact could likely comprehend whether plaintiff's medical and mental health needs were "serious" without the aid of a court-appointed expert.  See Ledford, 105 F.3d at 359-60.  Moreover, the Eighth Amendment subjective "deliberate

indifference" standard does not demand an expert, or special consideration by the courts, "because lay people generally are able to understand the severity of medical issues." See Allen v. Beard, 2018 WL 5819782, at *2-3 (S.D. Cal. Nov. 7, 2018).  Indeed, expert testimony is not essential in every case alleging deliberate indifference to serious medical needs in violation of the Eighth Amendment.  See Ledford, 105 F.3d at 358-60 ("[T]he question of whether the prison officials displayed deliberate indifference" toward a prisoner's serious medical needs does not always "demand that the jury consider probing, complex questions concerning medical diagnosis and judgment.").  Plaintiff's retaliation and conspiracy claims will turn on the facts and are not so complicated that the testimony of a neutral expert would be warranted.  See Cejas, 2023 WL 2755117, at *1 ("The allegations may be proven or disproven through personal knowledge, lay testimony, and other evidence that does not rise to the level of complexity Rule 706(a) contemplates.").  Similarly, plaintiff's allegations concerning the dates the RVR was issued are not complex and a neutral expert is not required to explain the dates set forth in the documents discovered by plaintiff.  While plaintiff appears to doubt the validity of dates and times set forth in the document generated from the ERMS on February 24, 2024 (ECF No. 31 at 17-18), at this time there is no evidence before the Court to suggest the inaccuracy or validity of the document.

Given the foregoing, the Court finds that at this stage of the proceedings an expert witness is not necessary and would not be significantly useful to the factfinder to comprehend a material issue in this case.  See Gorton, 793 F. Supp. 2d at 1181.

IV.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff's motion for the appointment of an expert witness (ECF No. 27) is denied without prejudice; and

2.  Plaintiff's motion for the appointment of an expert witness (ECF No. 31) is denied without prejudice.

Dated:  November 13, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc1221.exp.706