UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-1221 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. CHANDRA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion to compel discovery is before the Court.  As discussed below, plaintiff's motion is denied, but plaintiff is granted leave to propound limited requests for production of documents to defendants J. Weiss and J. Quiring.

I.     PLAINTIFF'S ALLEGATIONS

In his first amended complaint, plaintiff alleges that while he was housed at Mule Creek State Prison ("MCSP"), defendants A. Chandra, K. Mohr, J. Quiring, J. Charon, and J. Weiss: (a) retaliated against plaintiff in violation of the First Amendment by verbally threatening plaintiff, and issuing a rules violation report ("RVR") asserting false allegations in retaliation for plaintiff filing a grievance against defendant A. Chandra; (b) violated plaintiff's Eighth Amendment rights by housing him in segregated housing and detention, resulting in a long term deprivation of outdoor exercise, despite plaintiff's chronic depressive disorder and serious

1

medical and mental health needs; and (c) conspired to violate plaintiff's constitutional rights. (ECF No. 14.) In addition, plaintiff alleges that defendants Quiring and Weiss violated plaintiff's due process rights in connection with the hearing on the rules violation report asserting false allegations. (Id.)

II.     BACKGROUND

On May 14, 2024, the Court issued its Discovery and Scheduling Order, setting the discovery deadline for September 13, 2024, and the pretrial motions deadline for December 6, 2024. (ECF No. 26.) The order provided that responses to written discovery requests shall be due 45 days after the request is served. (Id. at 5.)

On September 6, 2024, the Court granted plaintiff's motion to modify the scheduling order and extended the discovery deadline to October 13, 2024. (ECF No. 29.)

On September 13, 2024, plaintiff filed a motion to compel discovery. (ECF No. 30.) On October 2, 2024, defendants filed an opposition. (ECF No. 32.) On October 21, 2024, plaintiff filed a document styled, "Notice and Request," which this Court construes as plaintiff's reply. (ECF No. 33.)

III.    MOTION TO COMPEL DISCOVERY

A.  Standards Governing Discovery Disputes

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

A party may propound interrogatories relating to any matter that may be inquired to under Rule 26(b). Fed. R. Civ. P. 33(a). Parties must respond to the fullest extent possible, and any objections must be stated with specificity. Fed. R. Civ. P. 33(b)(3)-(4). In general, a responding party is not required "to conduct extensive research in order to answer an interrogatory, but a reasonable effort to respond must be made." Haney v. Saldana, 2010 WL 3341939, at *3 (E.D.

Cal. Aug. 24, 2010) (citing L.H. v. Schwarzenegger, 2007 WL 2781132, at *2 (E.D. Cal. Sept. 21, 2007)). Rule 33(b)(4) specifically provides that any ground for objection "not stated in a timely objection is waived, unless the court, for good cause, excuses the failure." Further, the responding party must supplement a response if the information sought is later obtained or the previous response requires a correction. Fed. R. Civ. P. 26(e)(1)(A). Any objection to an interrogatory must be stated "with specificity." Fed. R. Civ. P. 33(b)(4).

A party may serve on another party requests to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). The responding party then must respond in writing within thirty days, unless otherwise agreed upon, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). No waiver is provided with regard to requests for production; rather, Rule 34(b)(2)(A) simply requires a response, including objections, be served "within 30 days after being served." Id.

A party may serve requests for admission on any matters within the scope of Rule 26(b)(1) relating to "facts, the application of law to fact, or opinions about either"; and "the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1). A matter is deemed admitted unless a written answer or objection is served within thirty days, unless otherwise agreed upon or ordered, after the requests were served. Fed. R. Civ. P. 36(a)(3).

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule

3

of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738, at *1 (E.D. Cal. Jun. 9, 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

### B. Timeliness of Discovery Responses

#### 1. The Record Evidence

Plaintiff did not provide a proof of service with his discovery requests but signed the discovery requests on June 16, 2024. Declaration of Rachel Fisher ("Fisher Decl."), Counsel for Defendants, ¶ 4 (ECF No. 32-1). Plaintiff propounded ten sets of discovery on defendants by mail: (1) Interrogatories and Request for Production on Defendant Weiss;[1] (2) separate Request for Production on Defendant Weiss; (3) Interrogatories and Request for Production on Defendant Quiring; (4) separate Request for Production on Defendant Quiring; (5) Request for Admissions on Defendant Quiring; (6) Request for Production on Defendant Chandra; (7) Request for Admission on Defendant Chandra; (8) Request for Production on Defendant Charon; (9) Request for Production on Defendant Mohr; and (10) Request for Admission on Defendant Mohr. Id. In the discovery requests, plaintiff noted that defendants had 45 days to respond. Id.

Defense counsel did not receive plaintiff's discovery requests until June 26, 2024. Id. ¶ 5.

On July 17, 2024, plaintiff wrote defendants claiming their responses were late because it had been 30 days since he propounded discovery. Pl.'s Mot., Ex. 2; Fisher Decl. ¶ 7, Ex. A.

On July 18, 2024, defense counsel spoke to plaintiff by phone; plaintiff repeated his belief that defendants' responses were late, despite defense counsel pointing out that the scheduling order provided 45 days to respond. Fisher Decl. ¶ 8. During this call, defense counsel asked

---

[1] As discussed below, it was improper to include requests for production of documents within plaintiff's interrogatories to defendant Weiss and defendant Quiring.

4

plaintiff for a short extension of time for defendants' discovery responses because plaintiff had propounded ten sets of discovery on five defendants and counsel did not receive the discovery requests until ten days after plaintiff signed them. Id. ¶ 9. Defense counsel also explained that she had to work with Mule Creek State Prison and her five clients to answer the request and gather documents, which would take time. Id. Plaintiff denied defense counsel's request claiming he wanted the responses now. Id.; Pl.'s Mot. at 3.

During the same July 18, 2024 phone call, plaintiff asked defense counsel for a two week extension of time to respond to defendants' request for production of documents at plaintiff's deposition, which defense counsel granted. Fisher Decl. ¶ 9.

Defendants responded to plaintiff's discovery on July 30, 2024. Id. ¶ 10, Ex. B. However, because the envelope did not contain plaintiff's CDCR identification number, the mail was returned by the post office. Id. ¶ 12, Ex. D. Defense counsel received the returned mail on or about August 12, 2024, and on August 13, 2024, defendants re-served their discovery responses. Id. ¶ 13, Ex. E.

Plaintiff declares he received defendants' discovery responses on August 20, 2024. Pl.'s Decl. ¶ 8 (ECF No. 30).

On August 16, 2024, defendant Quiring served supplemental responses. Fisher Decl. ¶ 14, Ex. F.

On August 25, 2024, plaintiff wrote defendants indicating he had received defendants' late responses but objected that the responses did not provide the requested material and the provided material was not sufficient. Pl.'s Mot., Ex. 4; Fisher Decl., Ex. G. Plaintiff asked to meet and confer as soon as possible and asked to address the following: (1) Defendant A. Chandra's response to request for production No. 3; (2) Defendant Quiring's response to admission No. 1, and his response to document request No. 3, and his responses to interrogatories and document requests; (3) Defendant Weiss's responses to interrogatories No. 1 and No. 3, and his responses to document requests. Id.

Defense counsel received plaintiff's letter on August 28, 2024, but defense counsel claims plaintiff filed his motion to compel before she could schedule a call with plaintiff. Id. ¶ 15.

Plaintiff's motion to compel discovery was signed on September 10, 2024. Pl.'s Mot. at 18. Plaintiff was deposed on September 26, 2024. Pl.'s Reply at 1.

### 2. Analysis

Plaintiff's discovery requests were signed on June 16, 2024. While the discovery and scheduling order provided the parties 45 days to respond to written discovery, the parties are also automatically entitled to an additional three days after service by mail. Fed. R. Civ. P. 6(d).

Contrary to plaintiff's argument, defendants did not "wait[] over two months to respond" to plaintiff's discovery requests. (Pl.'s Mot. at 4.) Rather, the proof of service provided by defendants demonstrates that defendants made a good faith effort to timely respond to plaintiff's ten sets of written discovery, initially placing their responses in the mail on July 31, 2024. The record reflects that counsel's proof of service included plaintiff's inmate identification number; however, the number was inadvertently omitted from the mailing envelope. Due to such administrative error, the mail was returned, and plaintiff's receipt of the discovery responses was delayed. However, counsel for defendants re-served the discovery responses the day after receiving the returned mail. Plaintiff does not set forth any prejudice resulting from receiving these responses late. The pretrial motions deadline was set for December 6, 2024, but is being extended by separate order. Thus, plaintiff will have time to file a pretrial motion.

As to interrogatories, Rule 33(b)(4) of the Federal Rules of Civil Procedure authorizes the Court to excuse a late objection to interrogatories "for good cause." Id. The Court finds that the inadvertent omission of plaintiff's inmate identification number from the mailing envelope constitutes good cause and finds that defendants' objections to the interrogatories were not waived by the late responses.

With regard to the requests for production of documents, as noted above, Rule 34 does not provide a similar good cause exception for responses to requests for production of documents. Indeed, objections to requests for production of documents do not justify a failure to respond, unless the responding party filed a motion for protective order. Fed. R. Civ. P. 37(d)(2). However, Rule 6 provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the

party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b).  To determine whether missing a deadline constitutes excusable neglect, the Ninth Circuit applies the factors set forth in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997).  The factors include:  (1) the danger of prejudice to the non-moving party (here, the plaintiff), (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party acted in good faith.  Pioneer, 507 U.S. at 395.  The weighing of Pioneer's equitable factors is left to the discretion of the court. Pincay v. Andrews, 389 F.3d 853, 860 (9th Cir. 2004).

      First, because the Court granted plaintiff's request to extend the discovery deadline and the length of delay was brief, there is no danger of prejudice to plaintiff from receiving defendants' production late.  Second, the length of defendants' delay was not that long—the responses were re-served thirteen days after the July 31, 2024 deadline, and it has not impacted judicial proceedings as the discovery deadline was extended for only one month.  Third, as discussed above, the reason for the delay was due to an administrative error by defense counsel— the inadvertent failure to include plaintiff's inmate identification number on the mailing envelope, though it was included elsewhere.  Fourth, there is no evidence of bad faith by the defense; indeed, the discovery responses were re-served on plaintiff the day after the mail was returned. The Court also notes that plaintiff declined defense counsel's request for an extension to produce documents, though plaintiff himself requested an extension, which defense counsel granted. Therefore, the Court exercises its discretion and concludes that these factors weigh in favor of finding the late response deadline constitutes excusable neglect.

      Finally, as to the requests for admissions ("RFAs") propounded solely to defendant Mohr, in his motion to compel, plaintiff does not specifically refer to his RFAs or to Rule 36 of the Federal Rules of Civil Procedure.  But plaintiff did append the RFAs propounded to defendant Mohr to plaintiff's motion.  Pl.'s Mot. at 32-36.[2]  To the extent plaintiff intended to include

---

[2] Plaintiff did not append copies of the RFAs propounded to defendants Quiring or Chandra.

defendant Mohr's responses to the RFAs as part of plaintiff's general claim that the "discovery responses" were late, the Court will address the RFAs as well.

"A trial judge has discretion to permit a late response to a request for admissions made pursuant to Rule 36 [of the Federal Rules of Civil Procedure], and thus relieve a party of apparent default." French v. United States, 416 F.2d 1149, 1152 (9th Cir. 1968). Rule 36(a)(6) directs the Court to require the non-moving party to answer a request for admission unless an objection is justified; it does not require that requests be deemed admitted. Id. Defendant Mohr responded to the four requests for admission, raised objections to all four, admitted to a portion of RFA No. 1, and denied RFA Nos. 2 through 4. Pl.'s Mot. at 34-36. Plaintiff fails to specify any specific RFA that was not answered and does not challenge any response or objection to an RFA as legally deficient. Because all of the RFAs were either admitted or denied, the Court exercises its discretion and declines to deem the RFAs admitted based merely on the delay caused by the administrative error in addressing the envelope to plaintiff. Under these circumstances, the Court permits the late responses to the RFAs. See Fed. R. Civ. P. 36(a)(3) ("A shorter or longer time for responding may be . . . ordered by the court."); Thornberry v. Bal, 2020 WL 731268, at *2-4 (E.D. Cal. Feb. 13, 2020) (defendants' failure to respond to plaintiff's interrogatories and RFAs was due to excusable neglect, and defendants ordered to respond within seven days unless they had already done so).

### B. Plaintiff's Specific Discovery Disputes

Specifically, plaintiff seeks to compel further responses to his request for production ("RPD") number 3 to defendant A. Chandra; documents sought in interrogatories propounded to defendants J. Quiring and J. Weiss; and responses to interrogatories propounded to defendant J. Weiss. Pl.'s Mot. at 6-18. Plaintiff contends that the discovery sought is relevant. Id. at 4 (citing Fed. R. Civ. P. 26). The Court addresses each dispute below.

#### 1. RPD No. 3 Propounded to Defendant A. Chandra

RPD No. 3:   A certified copy from the CDCR "Electronic Records Management System" ("ERMS") reflecting actual date and time "when defendant A. Chandra access[ed] the ERMS to generate RVR-115 case #006953258, digitally scan[ned] and upload[ed] said RVR-115 as a permanent record within this computerized system.

>       RESPONSE TO RPD NO. 3: Objection. Vague and ambiguous as to the terms "certified" and "permanent record within this computerized system." Calls for speculation and lacks foundation. Without waiving said objections: See Exhibit B, which provides the date the RVR was generated.

Pl.'s Mot. at 26-27. Plaintiff objects that the document produced is not the one requested, noting that the top left hand corner reflects that the document was "generated on 2/4/24 at 19:40," and is not certified. Id. at 6. Plaintiff claims that the computer generated RVR will be digitally signed by the reporting officer. Id. at 7 (citing Cal. Code Regs., tit. 16, § 3312(a)(3)). In addition, "certified copy" means "a paper which is verified to be a faithful replica of a document which is in the custody of the officer seeking the certification. It is signed by the officer and usually has an official seal affixed to it." Id. (quoting the Merriam-Webster Dictionary). Plaintiff objects that the RVR should reflect an ERMS computer-stamped date and time establishing when defendant A. Chandra took actions, "similar to Ex[hibit] B produced by defendants which reflects an ERMS computer stamped date and time that establish[ed] when said document was retained by them from the ERMS." Id.

Further, plaintiff argues that the true date the RVR was issued is highly relevant. Plaintiff alleges that he has evidence demonstrating that he filed a grievance against defendant A. Chandra on January 2, 2020, which is signed and dated by defendant A. Chandra, acknowledging he received the grievance and responded to the grievance. Id. The original copy of RVR # 006953258 served on plaintiff shows defendant A. Chandra filed the RVR on January 12, 2020, which plaintiff claims he can use to demonstrate that the RVR was generated on January 12, 2020, and not on January 2, 2020, supporting his retaliation claim. Id. In addition, plaintiff claims the RVR requested would also support his claim against other defendants, for example, to rebut defendant Mohr's claim that between January 2, 2020, and January 11, 2020, defendant A. Chandra submitted RVR # 006953258 for review, and to support his conspiracy claim. Id. at 7-8.

In opposition, defendants contend they "produced the RVR-115 for case # 006953258 which included the time stamps of when the RVR was entered into the system by defendant A. Chandra." Id. (citing Fisher Decl. ¶ 11). Defendants contend they provided the RVR in response to RPD No. 3, and there are no further responsive documents to produce. Id.

9

Plaintiff did not address RPD No. 3 in his reply.[3]

To the extent plaintiff asks the Court to compare the RVR dated January 12, 2020 (Pl.'s Mot. at 31) to the RVR produced as Exhibit B by defendant A. Chandra (Fisher Decl. at 27-28), the Court cannot as plaintiff's copy of the RVR is incomplete. Plaintiff provides the first page of the RVR which notes at the bottom, "page 1 of 4." (Pl.'s Mot. at 31.)

Further, plaintiff provides no legal authority for his request that the RVR be certified. Defendant produced RVR # 006953258 as it is stored in the ERMS, and the document bears various dates and times involved in the preparation, review, and issuance of RVR # 006953258. The generated date in the upper left hand corner appears to be the date the RVR was printed from the ERMS, wholly unrelated to the dates involved in the preparation, review, and issuance of RVR # 006953258. No further production is required.

>   2. Plaintiff's Interrogatories and RPDs Propounded Together

Defendants are correct that plaintiff improperly inserted requests for production of documents within interrogatories to defendants J. Quiring and J. Weiss. Rules 33 and 34 contemplate that interrogatories are to be propounded separately from requests for production of documents. Fed. R. Civ. P. 33, 34. Plaintiff also separately propounded requests for production of documents to defendants J. Quiring and J. Weiss, as well as A. Chandra, as discussed above. Fisher Decl. ¶ 4. Such RPDs demonstrate plaintiff was aware of the proper procedure for seeking documents under Rule 34 of the Federal Rules of Civil Procedure. Accordingly, defendants' objections to the requests for production of documents contained within plaintiff's interrogatories to defendants J. Quiring and J. Weiss are sustained.

>   3. Plaintiff's Interrogatories to Defendant J. Weiss

Defendant J. Weiss responded to interrogatory Nos. 1, 2, and 3 propounded by plaintiff.

---

[3] In his reply, plaintiff refers to details from settlement negotiations. Reply at 2. Generally, settlement negotiations are confidential, and a party's decision not to settle a case is not relevant to discovery disputes. In addition, plaintiff asks the Court, for the first time, to "sanction defendants for their improper conduct." Id. It is improper for plaintiff to introduce a new request for relief for the first time in a reply brief because it deprives the defendants of the ability to respond. However, even if plaintiff had requested sanctions in his motion, such request would be denied because the Court does not find improper conduct on the part of defendants.

> Interrogatory No. 1: did prison administrators at [MCSP] issue to you written "Operational Plan and Procedures" that were effective in January 2020 and had been approved by the Secretary of the CDCR (as required per CCR § 3380(c)) implementing regulations- while you conducted duties and responsibilities as Chief Disciplinary Officer designee- authorizing you any discretion to not comply or adhere to CCR Title 15 Rule § 23315(g) which states in relevant part as follows: ". . . Any serious disciplinary action requiring reconsideration of an inmate's program work group, or housing assignment, shall be referred to the next reasonable scheduled Classification Committee for review. The review shall not occur until the Chief Disciplinary Officer audit of the RVR has been concluded. . . ." If your answer is yes produce this relevant documentation.
>
> Response: Objection. This Interrogatory is compound. This Interrogatory is also vague, ambiguous and unintelligible as phrased. Without waiving said objections: As to the first question asked in this Interrogatory, yes, I had access to the Operational Plan and Procedures in effect in 2020 at MCSP. As to the other questions, . . . these are inappropriate as they are compound. . . .

Pl.'s Mot. at 56. Defendant J. Weiss appropriately responded to the first part of plaintiff's first interrogatory. The Court sustains defendant's objections to the remainder of the interrogatory; plaintiff's reference to discretion does not pose a clear question but in any event is compound to his initial question. No further response is required.

> Interrogatory No. 2: What does the word "shall" mean to you as this word is defined for you by CCR § 3000.5(c)?
>
> Response: Objection. Vague, ambiguous and unintelligible as phrased. Calls for a legal conclusion. Without waiving said objections: CCR § 3000.5(c) indicates "'shall' is mandatory."

Pl.'s Mot. at 56-57. Though defendant Weiss objected to this interrogatory, he answered the interrogatory. No further response is required.

> Interrogatory No. 3: While conducting duties and responsibilities as Chief Disciplinary Officer designee under any CDCR rules, regulations, policies, operational plans and procedures that were in effect in January 2020 did you have any discretionary authority to sanction Lt. J. Quiring['s] decision "to order inmate Garcia's removal from General Population housing assignment and to place him in C-Status housing assignation and programs eligibility" without Classification Committee approval based upon serious disciplinary action taken against him in RVR-115 case # 006953258. If your answer is yes produce this relevant documentation.
>
> Response: Objection. Vague and ambiguous as to the terms "discretionary authority" and "sanction." Unintelligible as phrased.

11

> Incomplete hypothetical.  Calls for a legal conclusion.  Compound.
> Without waiving said objections:  Defendants cannot answer this
> question as phrased as he cannot answer without speculating as to
> what plaintiff is asking.

Pl.'s Mot. at 57.  Defendants' objections are sustained; no further response is required.

    4.  Requests for Production of Documents within Interrogatories

  In their opposition, defendants state that "should the Court determine that plaintiff requesting documents within his interrogatories was appropriate, defendants in good faith can work with plaintiff to respond to the request for production within the interrogatories."  (ECF No. 32 at 5.)  Although the Court found plaintiff's combined discovery requests improper, in an abundance of caution and because defendants indicated that they could respond to such document requests, plaintiff will be permitted to propound limited requests for production of documents pertinent to interrogatory numbers one and three propounded to defendant J. Weiss, as well as interrogatory numbers one through five and seven propounded to defendant J. Quiring, to the extent that such requests were <u>not</u> already included in the requests for production of documents separately propounded to defendants J. Weiss and J. Quiring.[4]  These requests must be limited to the requests for documents made within interrogatories one and three propounded to defendant J. Weiss, and interrogatories one through five and seven propounded to defendant J. Quiring; plaintiff cannot add any new or additional requests for documents.  Because these documents were identified in the interrogatories and defendants have indicated that they could "work to respond within 45 days" (Defs.' Opp'n at 5), plaintiff is granted twenty-one days to propound such limited requests for production of documents, and defendants shall respond to the document requests within forty-five days thereafter.  **No additional discovery is authorized by this order**.

IV. CONCLUSION

  Accordingly, IT IS HEREBY ORDERED that:

---

[4] The parties did not provide a copy of the RPDs separately propounded to defendants J. Weiss and J. Quiring.  If any of the documents sought in interrogatory numbers one and three propounded to defendant J. Weiss, or interrogatory numbers one through five and seven propounded to defendant J. Quiring, were included in such separately propounded RPDs, plaintiff shall not include such requests in his RPDs drafted in response to this order.

1. Plaintiff's October 21, 2024 "Notice and Request" (ECF No. 33) is construed as plaintiff's reply to defendants' opposition.

2. Plaintiff's motion to compel discovery (ECF No. 30) is denied.

3. Plaintiff is granted twenty-one days from the date of this order in which to propound limited requests for production of documents that were previously included within interrogatory numbers one and three propounded to defendant J. Weiss, as well as interrogatory numbers one through five and seven propounded to defendant J. Quiring, to the extent that such requests were not included in the requests for production of documents separately propounded to defendants J. Weiss and J. Quiring. Plaintiff cannot add any new or additional requests for documents.

4. Defendants J. Weiss and J. Quiring shall respond to the request for production of documents within forty-five days.

5. No additional discovery is authorized by this order.

Dated: November 21, 2024

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc1221.mtc