UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-1221 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. CHANDRA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff seeks appointment of counsel, and a copy of plaintiff's deposition transcript. As discussed below, both motions are denied.

Appointment of Counsel

Plaintiff requests that the Court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970

(9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Deposition Transcript

Plaintiff was recently deposed by counsel for defendants, and claims that defense counsel "asserted they would be sending the deposition transcripts to [plaintiff]" so he could review and correct any discrepancies. (ECF No. 43 at 1.) Plaintiff has not received the deposition transcript, and claims that without the transcript he will not be able to effectively oppose defendants' motion for summary judgment. (Id. at 2.)

Plaintiff is advised that there is no statutory requirement for the government to provide a litigant proceeding in forma pauperis with copies of a deposition transcript. See 28 U.S.C. § 1915(d); see also Whittenberg v. Roll, 2006 WL 657381 at *5 (E.D. Cal. Mar.15, 2006) (denying plaintiff's motion to compel defendant to provide him with a copy of the deposition transcript free of charge). Moreover, under Rule 30(f)(3) of the Federal Rules of Civil Procedure, the officer before whom a deposition is taken must provide a copy of the transcript to any party or to the deponent upon payment of reasonable charges therefor. Id. Thus, the Court will not order the court reporter, defense counsel or the defendant to provide plaintiff with a copy of his deposition transcript without charge. Plaintiff must obtain the deposition transcript from the officer before whom the deposition was taken. See Boston v. Garcia, 2013 WL 1165062 at *2 (E.D. Cal. Mar. 20, 2013) (denying plaintiff's request for a court order directing the defendant to provide him with a copy of his deposition transcript). Similarly, any corrections to the deposition testimony should be addressed to the officer before whom the deposition was taken. As to the anticipated motion for summary judgment, plaintiff is advised that pertinent portions of the deposition transcript intended to become part of the official record must be submitted as exhibits

in support of a motion.  Local Rules 133(j), 250.1(a).

       Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for the appointment of counsel (ECF No. 42) is denied without prejudice.
2. Plaintiff's request for a deposition transcript (ECF No. 43) is denied.

Dated:  January 14, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc1221.31.new