1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RUBEN DARIO GARCIA, JR.,

        Plaintiff,

    v.

A. CHANDRA, et al.,

        Defendants,

No. 2:22-cv-01221-TLN-CSK

**ORDER**

      This matter is before the Court on *pro se* Plaintiff Ruben Dario Garcia, Jr.'s ("Plaintiff")
Motions for Reconsideration of the assigned magistrate judge's November 14, 2024, order and
November 22, 2024 order.  (ECF Nos. 41, 44.)  Defendants J. Weiss, J. Quiring, A. Chandra, K.
Mohr, and J. Charon ("Defendants") filed an opposition to Plaintiff's second motion.  (ECF No.
46.)  For the reasons set forth below, the Court DENIES Plaintiff's motions.

///
///
///
///
///
///

1

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this civil rights action on July 11, 2022.  (ECF No. 1.)  His First Amended Complaint alleges four causes of action.  (ECF No. 14.)  First, Plaintiff alleges that while he was housed at Mule Creek State Prison, Defendants J. Weiss, J. Quiring, A. Chandra, K. Mohr and J. Charon (collectively, "Defendants") sought to chill his First Amendment rights through actions including, but not limited to, filing a Rules Violation Report ("RVR") against Plaintiff in retaliation for Plaintiff filing a grievance against Defendant A. Chandra.  (*Id.* at 16–19.)  Second, Plaintiff alleges Defendants J. Quiring and J. Weiss violated his due process rights in connection with a disciplinary hearing in violation of the Fourteenth Amendment.  (*Id.* at 19.)  Third, Plaintiff alleges Defendants violated his Eighth Amendment rights by removing him from his existing housing and placing him in segregated housing, despite their knowledge that segregated housing "den[ied] or interfered with [Plaintiff's] medically recommended mental health treatment and care[.]"  (*Id.* at 20.)  Finally, Plaintiff alleges Defendants collectively conspired to violate his constitutional rights.  (*Id.* at 21.)

After the case failed to settle, Defendants filed an Answer.  (ECF No. 25.)  The magistrate judge then issued a discovery and scheduling order.  (ECF No. 26.)  The order set the discovery deadline for September 13, 2024, and the pretrial motions deadline for December 6, 2024.  (*Id.* at 6.)  The order further noted that responses to written discovery requests were due forty-five days after the request was served.  (*Id.* at 5.)

Plaintiff subsequently filed two motions for the appointment of a psychiatric and mental health expert and a prison electronic records expert.  (ECF Nos. 27, 31.)  The magistrate judge denied Plaintiff's motions without prejudice on four main grounds.  (ECF No. 34.)  First, the magistrate judge concluded it had no authority to appoint an expert witness for Plaintiff's own benefit.  (*Id.* at 4.)  Second, the magistrate judge noted 28 U.S.C. § 1915 does not allow a court to appoint and pay an expert for Plaintiff's own benefit.  (*Id.*)  Third, the magistrate judge determined plaintiff's motions for a neutral expert witness were premature.  (*Id.* at 5.)  Finally, the magistrate judge concluded that Plaintiff's claims were not so complex as to require the appointment of an expert witness at this time.  (*Id.*)  Plaintiff now seeks reconsideration of the

1    magistrate judge's order.  (ECF No. 41.)

2         Plaintiff also propounded ten sets of discovery on Defendants but did not provide proof of

3    service.  (ECF No. 39 at 4.)  Defendants responded to Plaintiff on July 30, 2024, but neglected to

4    contain Plaintiff's California Department of Corrections and Rehabilitation ("CDCR")

5    identification number on the envelope so the mail was returned.  (*Id.* at 5.)  Defendants then re-

6    served their discovery responses on August 13, 2024.  (*Id.*; ECF No. 46 at 2.)  On August 25,

7    2024, Plaintiff wrote Defendants stating he had received Defendants' responses, but requested a

8    meet and confer to address certain points.  (ECF No. 39 at 5.)  Defendants claim they received the

9    letter on August 28, 2024, but were unable to schedule a call with Plaintiff before he filed a

10   motion to compel discovery on September 13, 2024.  (ECF No. 30; ECF No. 39 at 5.)  The

11   magistrate judge denied Plaintiff's motion, but granted Plaintiff leave to propound limited

12   requests for production of documents from Defendants J. Weiss and J. Quiring.  (ECF No. 39.)

13   Plaintiff now also seeks reconsideration of this order.  (ECF No. 44.)  Defendants oppose.  (ECF

14   No. 46.)

15         **II.    STANDARD OF LAW**

16         A party may object to a non-dispositive pretrial order of a magistrate judge within

17   fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order

18   will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A);

19   E.D. Cal. L.R. 303(f).  "A party seeking reconsideration must set forth facts or law of a strongly

20   convincing nature to induce the court to reverse a prior decision."  *Martinez v. Lawless*, No. 1:12-

21   CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare*

22   *Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd*

23   *in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

24         Under the "clearly erroneous" standard, "the district court can overturn the magistrate

25   judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake

26   has been committed.'"  *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014)

27   (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)).  "Thus, review under the

28   'clearly erroneous' standard is significantly deferential.'"  *Concrete Pipe and Prods. of Cal., Inc.*

1    *v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993).  "A [m]agistrate [j]udge's

2    decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element

3    of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of

4    procedure."  *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D.

5    Cal. July 18, 2014) (citation omitted).

6        **III.**   **ANALYSIS**

7            A.    November 14, 2024 Order

8          Plaintiff raises eleven objections to the magistrate judge's November 14, 2024 order,

9    which the Court addresses in turn.  (ECF No. 41 at 4–15.)  First, Plaintiff takes issue with the

10   magistrate judge's "erroneous[] f[inding]" that Plaintiff sought appointment of an expert for the

11   benefit of his own case.  (*Id.* at 4–5.)  However, the magistrate judge's order makes clear the

12   magistrate judge was unsure what type of expert witness Plaintiff was seeking — a neutral expert

13   witness or an expert witness to serve on Plaintiff's behalf.  (ECF No. 34 at 4 (couching the

14   analysis with "to the extent Plaintiff seeks appointment of an expert witness for his benefit").)

15   Given this, the magistrate judge addressed both scenarios.  (*Id.* at 4–6.)  Plaintiff has now

16   clarified he only sought appointment of a neutral expert witness.  (ECF No. 41 at 4.)  However,

17   because the magistrate judge addresses this later in her order, the Court finds the decision to also

18   address the appointment of an expert witness for Plaintiff's benefit was not clearly erroneous or

19   contrary to law such that the magistrate judge's decision should be reversed.

20         Second, Plaintiff objects to the sentence in the magistrate judge's order which discusses

21   how Federal Rule of Evidence 706 does not allow an appointed expert to serve as an advocate for

22   either party.  (ECF No. 41 at 5.)  For similar reasons to those articulated above, the Court finds

23   the decision to discuss this point does not provide a basis to reverse the magistrate judge's order.

24   Plaintiff also argues that contrary to the magistrate judge's order, he does not retain the ability to

25   call experts given his indigency, incarceration, and lack of appointed counsel.  (*Id.* at 8.)  Again,

26   the Court finds the magistrate judge's decision was not clearly erroneous nor contrary to law.

27   While the Court acknowledges the difficulties Plaintiff faces, the magistrate judge is correct —

28   both parties technically retain the ability to call their own experts.  Fed. R. Evid. 706(e).

1          Third, Plaintiff takes issue with the magistrate judge's reasoning that "28 U.S.C. § 1915

2     does not authorize the court to appoint an expert for [Plaintiff's] benefit to be paid by the court[.]"

3     (ECF No. 41 at 8 (citing ECF No. 34 at 4).)  Plaintiff contends the magistrate judge erred in her

4     reasoning, because under the circumstances an expert witness would significantly assist the trier

5     of fact and the Court could apportion the cost of an expert to one side.  (*Id.* at 9 (citing *McKinney*

6     *v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *cert. granted, judgment vacated sub nom.*

7     *Helling v. McKinney*, 502 U.S. 903 (1991), and *judgment reinstated*, 959 F.2d 853 (9th Cir.

8     1992)).)  While Plaintiff is correct that a court may apportion the cost of the expert to one side,

9     *see McKinney*, 924 F.2d at 1511, this does not mean the magistrate judge's statements are clearly

10    erroneous or contrary to law.  Furthermore, setting the apportionment of fees aside, the

11    appointment of an expert witness under Rule 706 "must still be necessitated by complex,

12    technical, or other specialized trial issues." *Faletogo v. Moya*, No. 12-CV-631-GPC-WMC, 2013

13    WL 524037, at *2 (S.D. Cal. Feb. 12, 2013).  The magistrate judge found these issues were not

14    present in this case and, as discussed below, the Court agrees with this finding.

15         Fourth, Plaintiff takes issue with the magistrate judge's reasoning that his motion for a

16    neutral expert witness is premature.  (ECF No. 41 at 9.)  According to Plaintiff, an expert witness

17    is needed because this case is headed for summary judgment or trial.  (*Id.*)  However, as the

18    magistrate judge discussed in the order, at the time Plaintiff filed his motions, the parties were

19    still engaged in discovery and there were no pending motions for summary judgment.  (ECF No.

20    34 at 5.)  The Court agrees and finds Plaintiff's speculative arguments to the contrary

21    unpersuasive.

22         Plaintiff's fifth through tenth objections relate to the magistrate judge's reasoning

23    regarding the complexity of Plaintiff's claims.  (ECF No. 41 at 9–13.)  Specifically, in contrast to

24    the magistrate judge's order, Plaintiff argues an expert witness is needed at this juncture to assist

25    a trier of fact to understand how his medically diagnosed chronic depressive order personally

26    affects him and how Defendants' acts or omissions violated his rights given his condition.  (*Id.*)

27    After reviewing the case law, the Court finds the magistrate judge correctly applied the relevant

28    law in determining a neutral medical expert is not required at this time under these circumstances.

1    *See, e.g.*, *Rincker v. Oregon Dep't of Corr.*, 301 F. App'x 720, 721 (9th Cir. 2008) (unpublished)

2    (holding district court did not abuse its discretion in denying motion to appoint expert witness

3    because case did not involve complex scientific issues or evidence).

4        Plaintiff's final objection relates to the magistrate judge's reasoning regarding complexity

5    about RVR dates. (ECF No. 41 at 14.) According to Plaintiff, a neutral prison records expert

6    should be appointed to resolve disputed material facts. (*Id.* at 15.) The magistrate judge reasoned

7    that while Plaintiff was concerned about the accuracy of certain dates and times, nothing before

8    the Court suggested there was any inaccuracy or invalidity and plaintiff's allegations about the

9    RVR dates were not so complex that a neutral expert was required at this time. (ECF No. 34 at

10    6.) In so doing, the magistrate judge did not rule out the appointment of an expert witness at a

11    later date. (*Id.* (noting "at this stage of the proceedings an expert witness is not necessary").) The

12    Court finds the magistrate judge's decision is not clearly erroneous or contrary to law.

13        In sum, given the Court finds no clear error or holding contrary to law, the Court DENIES

14    Plaintiff's motion for reconsideration of the magistrate judge's November 14, 2024 order.

15                    B.    November 22, 2024 Order

16        Plaintiff also seeks reconsideration of the magistrate judge's November 22, 2024 order

17    regarding Plaintiff's motion to compel discovery. (ECF No. 44.) Defendants oppose. (ECF No.

18    46.)

19        At the outset, Defendants argue Plaintiff's motion should be denied because based on their

20    calculations, it was filed late. (ECF No. 46 at 2–3.) A party may serve and file objections to an

21    order within fourteen days after being served with a copy. Fed. R. Civ. P. 72(a). Here, Plaintiff,

22    a state prisoner proceeding *pro se*, states prison staff served him with the magistrate judge's

23    November 22, 2024, order on November 27, 2024. (ECF No. 44 at 1.) Plaintiff's motion for

24    reconsideration is dated December 10, 2024 — less than fourteen days from the date he states he

25    was served. (*Id.* at 13.) Accordingly, the Court, in its discretion, considers the merits of

26    Plaintiff's motion.

27        Plaintiff raises ten objections to the magistrate judge's November 22, 2024 order. (*Id.* at

28    6–13.) Defendants argue none of these objections demonstrate how the magistrate judge's ruling

1   was clearly erroneous or contrary to law.  (ECF No. 46 at 3.)  As discussed below, the Court

2   agrees.

3          First, Plaintiff objects to the magistrate judge construing one of his filings as a "reply."

4   (ECF No. 44 at 6.)  Plaintiff contends this action was "arbitrary and an abuse of discretion[.]"

5   (*Id.*)  However, Plaintiff does not set forth any facts or law to explain why the magistrate judge's

6   decision to consider Plaintiff's filing as a "reply" warrants overturning the order.  *See Martinez*,

7   2015 WL 5732549, at *1 (noting the party moving for reconsideration "must set forth facts or law

8   of a strongly convincing nature to induce the court to reverse a prior decision").

9          Second, Plaintiff objects to the magistrate judge denying his motion to compel responses

10  to his request for production number three to Defendant A. Chandra.  (ECF No. 44 at 7.)

11  According to Plaintiff, the magistrate judge erroneously ignored underlying facts.  (*Id.* at 8.)

12  Upon review, the Court finds the magistrate judge considered the facts set forth in Plaintiff's

13  motion to compel regarding production number three and finds no error or conclusion contrary to

14  law in the magistrate judge's analysis on this issue.

15         In Plaintiff's third and fourth objections, Plaintiff contends the magistrate judge

16  misquoted his allegations.  (*Id.* at 8.)  Specifically, Plaintiff contends the magistrate judge

17  erroneously quoted the definition of "certified copy" and stated an RVR was "served" rather than

18  "generated."  (*Id.*)  These "errors" do not impact the underlying analysis or warrant overturning

19  the magistrate judge's order.

20         Fifth, Plaintiff objects to the magistrate judge's statement that Plaintiff failed to

21  adequately reply to the Defendants' opposition regarding request for production number three.

22  (*Id.* at 8–9 (citing ECF No. 39 at 9–10).)  To support this, Plaintiff reasserts arguments made in

23  his motion to compel — not his reply — that Defendants did not produce the original document

24  he had requested.  (*Id.* at 9.)  The Court finds no error or conclusion contrary to law.  As stated in

25  the magistrate judge's order, Plaintiff only referred to details from settlement negotiations in the

26  filing the Court construed as a reply.  (ECF No. 39 at 10 n.3; ECF No. 33 at 2.)

27         Sixth, Plaintiff argues the magistrate judge failed to compare the two RVR documents —

28  one produced by Plaintiff and the other produced by Defendant A. Chandra.  (ECF No. 44 at 9–

1    10.)  The magistrate judge reasoned Plaintiff had failed to provide the court with a complete

2    document and therefore could not undergo the analysis Plaintiff sought.  (ECF No. 39 at 10.)

3    Plaintiff argues that had the Court notified Plaintiff of this issue, Plaintiff would have provided a

4    complete copy.  (ECF No. 44 at 10.)  Further, Plaintiff argues the magistrate judge abused her

5    discretion in not doing so while simultaneously excusing Defendants' production delays.  (*Id.*)

6    While the magistrate judge could have requested Plaintiff provide the Court with a complete

7    copy, failure to do so was not a decision clearly erroneous or contrary to law such that this Court

8    finds it necessary to overturn the magistrate judge's order.

9        Seventh, Plaintiff objects to the magistrate judge's conclusion that he failed to provide

10    legal authority for his request that the RVR be certified.  (ECF No. 44 at 10.)  Plaintiff argues he

11    cited *La Chemise Lacoste v. Alligator Co., Inc.*, 60 F.R.D. 164, 171 (D. Del. 1973) "for the

12    proposition that: [d]iscovery requests should ordinarily be allowed, 'unless it is clear that the

13    information sought can have no possible bearing upon the subject matter of the action.'"  (*Id.*

14    (quoting *La Chemise Lacoste*, 60 F.R.D. at 171).)  While true that Plaintiff did include legal

15    authority to support his general discovery requests, the magistrate judge determined the document

16    Defendant sought was not relevant.  (ECF No. 39 at 10.)  Upon review, the Court agrees.

17    Accordingly, the Court finds no reason to overturn the magistrate judge's order.

18        Eighth, Plaintiff objects to the magistrate judge's finding that RVR # 006953258 was

19    stored in the Electronic Records Management System ("ERMS").  (ECF No. 44 at 11.)

20    According to Plaintiff, this is false.  (*Id.*)  To support this, Plaintiff reiterates arguments made in

21    his motion to compel.  (*Id.*)  That is, Plaintiff again argues the document produced "was not an

22    original true and correct copy[.]"  (*Id.*; ECF No. 30 at 6.)  Additionally, Plaintiff claims again that

23    the information he seeks is relevant to his retaliation and conspiracy claims against Defendants

24    and therefore discoverable.  (ECF No. 44 at 11.)  However, upon review and for similar reasons

25    discussed above, the Court finds no error or conclusion contrary to law.

26        Ninth, Plaintiff contends the magistrate judge erred in finding that no further production

27    was required.  (ECF No. 44 at 12.)  Plaintiff does not provide additional facts or law to support

28    this objection, but rather states the magistrate judge's order is erroneous "for the reasons set forth

in his objections." (*Id.*)  As discussed above, the Court finds these reasons unpersuasive.
Moreover, the magistrate judge did grant plaintiff leave to propound limited requests for
production of documents from Defendants J. Weiss and J. Quiring.  (ECF No. 39 at 13.)

Finally, Plaintiff argues the magistrate judge erroneously limited his request for
production of documents.  (ECF No. 44 at 12.)  According to Plaintiff, he is allowed to submit
additional requests for production of documents if he finds it necessary.  (*Id.* at 12–13.)  While
true, at the time the magistrate judge issued her order, the discovery deadline had passed.  (ECF
No. 29 (extending discovery deadline to October 13, 2024).)  Therefore, allowing Plaintiff to
propound additional, but limited, discovery was not in error.

In sum, given the Court finds no clear error or holding contrary to law, the Court DENIES
Plaintiff's motion for reconsideration of the magistrate judge's November 22, 2024 order.

## IV.    CONCLUSION

In sum, the Court finds no clear error or holding contrary to law.  Accordingly,
Plaintiff's motions for reconsideration (ECF Nos. 41, 44) are DENIED.

IT IS SO ORDERED.

Date: January 24, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE