UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-1221 TLN CSK P |
| Plaintiff, | |
| v. | ORDER |
| A. CHANDRA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in an action brought under 42 U.S.C. § 1983. Plaintiff seeks an order extending the time to review his deposition transcript and send corrections. (ECF No. 48.) Defendants did not file an opposition. As discussed below, the motion is partially granted.

Legal Standards

Rule 30(e) of the Federal Rules of Civil Procedure provides that:

    30(e) Review by the Witness; Changes.

    (1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

    (A) to review the transcript or recording; and

    (B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

1

> (2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

Fed. R. Civ. P. 30(e).

Discussion

In his request, plaintiff does not indicate when he was deposed, but asserts he did not receive the deposition transcript for review until January 4, 2025, and it came from counsel for defendants who informed plaintiff that any corrections must be completed on the provided errata sheet, and the transcript and the errata sheet must be returned to defense counsel no later than January 13, 2025.[1] (ECF No. 48 at 1.) The Court finds that plaintiff should be provided thirty days to review and return the deposition transcript and complete the errata sheet to notify of any "changes in form or substance." Fed. R. Civ. P. 30(e). Plaintiff provided evidence that he did not receive the deposition transcript for review until January 4, 2025, and it came from defense counsel, not the court reporter. Defense counsel has not filed an opposition to plaintiff's request. While the thirty day period would expire on February 3, 2025, the Court grants plaintiff a brief extension of time to return the deposition transcript and provide the errata sheet to defense counsel in order for this order to reach plaintiff. The Court is not inclined to further extend this deadline in light of the impending March 10, 2025 pretrial motions filing deadline. (ECF No. 40.)

Finally, plaintiff is cautioned that Rule 30(e) permits corrections in form and substance, not changes that significantly alter plaintiff's responses to deposition questions. Id. (citing Hambleton Bros. Lumber Co. v. Balkin Enterprises, Inc., 397 F.3d 1217, 1225-26 (9th Cir. 2005)). In other words, Rule 30(e) allows for corrective, not contradictory, changes. Id. Therefore, the answers plaintiff provided in his deposition cannot be contradicted.

Because the Court granted plaintiff an extension, the Court need not address plaintiff's alternative request for relief. (ECF No. 48 at 2.)

---

[1] In a prior request, plaintiff stated that he was deposed on September 26, 2024. (ECF No. 43 at 1.)

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for extension of time to review his deposition transcript and provide the errata sheet to defense counsel (ECF No. 48) is partially granted; and

2. Plaintiff is granted fourteen days from the date of this order to return the deposition transcript and submit any errata sheet to defense counsel.

Dated: February 10, 2025

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc1221.depo.tr