UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. CHANDRA, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-01221-TLN-CSK<br><br>**ORDER** |

　　　　This matter is before the Court on *pro se* Plaintiff Ruben Dario Garcia, Jr.'s ("Plaintiff") Motion for Reconsideration of the assigned magistrate judge's January 14, 2025 order. (ECF No. 51.) No opposition has been filed. For the reasons set forth below, the Court DENIES Plaintiff's motion.

///

///

///

///

///

///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recount the background facts here as they are set forth in the Court's January 25, 2025 Order. (ECF No. 50.) On December 9, 2024, Plaintiff filed a motion for appointment of counsel. (ECF No. 42.) On December 11, 2024, Plaintiff filed a request for a deposition transcript. (ECF No. 43.) On January 14, 2025, the magistrate judge denied Plaintiff's motion and request. (ECF No. 47.) Plaintiff now seeks reconsideration of the magistrate judge's order. (ECF No. 51.)

## II. STANDARD OF LAW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A); E.D. Cal. L.R. 303(f). "A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).

Under the "clearly erroneous" standard, "the district court can overturn the magistrate judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the 'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A [m]agistrate [j]udge's decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted).

///

///

### III. ANALYSIS

Plaintiff raises three objections to the magistrate judge's January 14, 2025 order. The Court will first address the two objections related to Plaintiff's motion for appointment of counsel and then turn to the objection related to Plaintiff's request for a deposition transcript.

#### A. Motion for Appointment of Counsel

Plaintiff first argues the magistrate judge "failed to expressly articulate a reasoned explanation for her determination that [Plaintiff] 'had failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel'" and did not "provide any reasons for the denial aside from this conclusory statement." (ECF No. 51 at 5–6.) Plaintiff next objects that the magistrate judge "arbitrarily" came to this conclusion and "clearly erred" because: (1) his likelihood of success on the merits is "colorfully apparent"; (2) he has no ability to properly investigate key issues of material fact or effectively present claims against Defendants at summary judgment or trial because he is indigent, incarcerated, has no legal or specialized training, and is *pro se*; (3) the action involves conflicting testimony and a large number of defendants and claims; and (4) appointment of expert witnesses may be necessary. (*Id.* at 7–8.)

As the magistrate judge correctly set forth, to determine whether "exceptional circumstances" exist for the court to request an attorney to voluntarily represent a plaintiff, "the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved." (ECF No. 50 at 1 (citing *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009)).) Further, the burden is on plaintiff to demonstrate exceptional circumstances. *Id.* "Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances[.]" *Id.*

Here, the magistrate judge screened Plaintiff's initial Complaint and found that it states a potentially cognizable retaliation claim against Defendant A. Chandra and a potentially cognizable due process claim against Defendant J. Quiring "based on Quiring's failure to afford procedural due process during the hearing on the allegedly false rules violation report." (ECF No. 8 at 4–5.) The magistrate judge found Plaintiff's remaining claims were not cognizable and

3

1  provided Plaintiff with the option to proceed on the two cognizable claims or file an amended
2  complaint to attempt to state a cognizable claim against the remaining Defendants.  (*Id.* at 5–9.)
3  Plaintiff proceeded to file the operative First Amended Complaint ("FAC"), which the magistrate
4  judge screened and found service of the FAC appropriate.  (ECF No. 15 at 1.)  Accordingly, the
5  magistrate judge has already concluded that Plaintiff states cognizable claims.  Assuming without
6  deciding that Plaintiff demonstrates a likelihood of success on the merits, the Court nevertheless
7  finds Plaintiff has not shown that it is difficult to articulate his claims *pro se* in light of the
8  complexity of the issues involved.

9       In his motion for appointment of counsel, Plaintiff sets forth five reasons why he should
10  be appointed counsel in this case: (1) he is unable to afford counsel and is proceeding *pro se* and
11  *in forma pauperis*; (2) the legal and medical issues involved in this case are complex and may
12  require specialized knowledge on psychiatric care or prison electronic records; (3) he has no
13  formal legal or medical training and therefore lacks the expertise to litigate; (4) he does not have
14  financial resources to secure the testimony of expert impartial witnesses; and (5) his incarceration
15  and indigent status hinder his ability to retain legal representation or impartial expert witnesses.
16  (ECF No. 42 at 2–3, 8–15.)  The Court finds the circumstances Plaintiff sets forth are those
17  "common to most prisoners, such as lack of legal education and limited law library access."
18  *Palmer*, 560 F.3d at 970.  Plaintiff further appears to argue that his claims need further factual
19  development through the use of specialized knowledge or expert impartial witnesses.  However,
20  as the Ninth Circuit has otherwise held, "the need for further factual discovery is not, by itself,
21  sufficient to establish the complexity of the legal issues."  *Wilborn v. Escalderon*, 789 F.2d 1328,
22  1331 n.5 (9th Cir. 1986).  "If all that was required to establish successfully the complexity of the
23  relevant issues was a demonstration of the need for development of further facts, practically all
24  cases would involve complex legal issues."  *Id.* at 1331.  The Court also notes that this case is
25  unlike other cases in which the Ninth Circuit found "exceptional circumstances" existed for the
26  court to request an attorney.  *Cf. Agyeman v. Corrs. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir.
27  2004), *cert. denied sub nom. Gerber v. Agyeman*, 545 U.S. 1128 (2005) (finding "exceptional
28  circumstances" existed for plaintiff where there were complex legal issues and theories involving

4

1  *Bivens* and the Federal Tort Claims Act and plaintiff was incarcerated on noncriminal
2  immigration charges for seven years).
3      Finally, the Court notes the magistrate judge correctly laid out the legal standard for a
4  motion for appointment of counsel and there is no indication the magistrate judge did not consider
5  these factors. Accordingly, the Court agrees with the magistrate judge's finding.
6      B.    Request for a Deposition Transcript
7      Plaintiff argues the magistrate judge in erred in finding there is no statutory requirement
8  for the government to provide a litigant proceeding *in forma pauperis* with copies of deposition
9  transcripts, as Rule 26 requires defense counsel to provide Plaintiff a copy of any and all evidence
10  they intend to introduce at summary judgment or trial. (*Id.* at 8.) Plaintiff asserts the Court can
11  instruct Defendants to provide him with a "true and correct copy" of the deposition transcript
12  requested. (*Id.*) However, the magistrate judge correctly noted in her order that there is no
13  statutory requirement for the government to provide a litigant proceeding *in forma pauperis* with
14  copies of a deposition transcript and, pursuant to Rule 30(f)(3), Plaintiff must obtain the
15  deposition transcript from the officer before whom the deposition was taken. (ECF No. 47 at 2
16  (citing 28 U.S.C. § 1915(d); *Whittenberg v. Roll*, No. CIVS042313FCD JFM P, 2006 WL
17  657381, at *5 (E.D. Cal. Mar. 15, 2006); Fed. R. Civ. P. 30(f)(3); *Boston v. Garcia*, No. 2:10-cv-
18  1782 KJM DAD P, 2013 WL 1165062, at *2 (E.D. Cal. Mar. 20, 2013)).) Accordingly, the Court
19  agrees with the magistrate judge's finding.
20      In sum, the Court finds no clear error or holding contrary to law.
21      **IV.**    **CONCLUSION**
22      For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. (ECF No.
23  51.)
24      IT IS SO ORDERED.
25  Date: March 28, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE

5