UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-1221 TLN CSK P |
| Plaintiff, | |
| v. | ORDER AND REVISED SCHEDULING ORDER |
| A. CHANDRA, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with a civil rights complaint. Multiple motions are pending.

I.     PLAINTIFF'S ALLEGATIONS

In his first amended complaint, plaintiff alleges that while he was housed at Mule Creek State Prison ("MCSP"), defendants A. Chandra, K. Mohr, J. Quiring, J. Charon, and J. Weiss: (a) retaliated against plaintiff in violation of the First Amendment by verbally threatening plaintiff, and issuing a rules violation report ("RVR") asserting false allegations in retaliation for plaintiff filing a grievance against defendant A. Chandra; (b) violated plaintiff's Eighth Amendment rights by housing him in segregated housing and detention, resulting in a long term deprivation of outdoor exercise, despite plaintiff's chronic depressive disorder and serious medical and mental health needs; and (c) conspired to violate plaintiff's constitutional rights. (ECF No. 14.)  In addition, plaintiff alleges that defendants J. Quiring and J. Weiss violated

1

plaintiff's due process rights in connection with the hearing on the rules violation report asserting false allegations. (Id.)

II.     BACKGROUND

On May 14, 2024, the Court issued its Discovery and Scheduling Order, setting the discovery deadline for September 13, 2024, and the pretrial motions deadline for December 6, 2024. (ECF No. 26.)  The order provided that responses to written discovery requests shall be due 45 days after the request is served. (Id. at 5.)

On September 6, 2024, the Court granted plaintiff's motion to modify the scheduling order and extended the discovery deadline to October 13, 2024. (ECF No. 29.)

On November 22, 2024, plaintiff's motion to compel discovery (ECF No. 30) was denied, and plaintiff was granted 21 days to propound limited requests for production of documents, and defendants J. Weiss and J. Quiring were ordered to respond to the requests within 45 days. (ECF No. 39.)  On November 25, 2025, the scheduling order was revised, and the pretrial motions deadline was extended to March 10, 2025, in light of the pending discovery. (ECF No. 40.)

On March 3, 2025, plaintiff filed a motion to compel discovery responses to requests for production of documents propounded to defendant J. Weiss. (ECF No. 53.)  On March 17, 2025, defendants filed an opposition. (ECF No. 55.)  On April 10, 2025, plaintiff filed a reply. (ECF No. 57.)

On March 7, 2025, defendants filed a motion for summary judgment. (ECF No. 54.)  On April 16, 2025, defendants filed a notice that plaintiff failed to file an opposition to the motion for summary judgment. (ECF No. 58.)

On April 17, 2025, plaintiff filed a motion to compel further discovery responses from defendant J. Weiss. (ECF No. 59.)

On April 25, 2025, plaintiff filed a motion for sixty day extension of time to file an opposition to defendants' motion for summary judgment. (ECF No. 60.)  On May 6, 2025, defendants filed an opposition to plaintiff's motion for extension of time on the grounds that the motion was untimely filed. (ECF No. 61.)  Plaintiff did not file a reply to the opposition.

///

III.   MOTION TO COMPEL

   A. The Parties' Positions

Plaintiff states that he timely propounded limited requests for production of documents to defendant J. Weiss, but defendant J. Weiss failed to respond. (ECF No. 53.) Plaintiff challenges the responses to request for production of documents Nos. 4, 5 and 7, propounded to defendant J. Quiring.

Defendants do not contest the timeliness of plaintiff's motion. (ECF No. 55, *passim*.) Defendants admit that they failed to timely respond to plaintiff's request for production, set two, propounded to defendant J. Weiss, but upon receipt of plaintiff's motion to compel, they served responses by defendant J. Weiss the same day. (ECF No. 55 at 1-2.)

In his reply, plaintiff acknowledges receipt of defendant J. Weiss's late responses to the second request for production of documents, and seeks leave of Court to file a second motion to compel further discovery responses as to J. Weiss's responses. On April 17, 2025, plaintiff filed the second motion to compel. (ECF No. 59.)

As to defendant J. Quiring, plaintiff argues that the Court should require defendant J. Quiring to provide further responses to request for production of documents Nos. 4, 5 and 7. (ECF No. 57 at 2-5.)

   B. Standards Governing Discovery Disputes

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Proportionality turns on "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

A party may serve on another party requests to produce and permit the requesting party or its representative to inspect, copy, test, or sample items in the responding party's possession, custody, or control, including designated documents, electronically stored information, or other writings. Fed. R. Civ. P. 34(a)(1). The responding party then must respond in writing within

3

thirty days, unless otherwise agreed upon, after being served. Fed. R. Civ. P. 34(b)(2). If a responding party objects, the objection "must state whether any responsive materials are being withheld on the basis of that objection[, and] an objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. 34(b)(2)(C). A requesting party is entitled to production of documents within a responding party's possession, custody, or control, regardless of whether the requesting party possesses the same documents. Fed. R. Civ. P. 34(a). No waiver is provided with regard to requests for production; rather, Rule 34(b)(2)(A) simply requires a response, including objections, be served "within 30 days after being served." Id.

Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad discretion to manage discovery and to control the course of litigation under Federal Rule of Civil Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v. Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

The party moving to compel bears the burden of informing the court (1) which discovery requests are the subject of his motion to compel, (2) which of the responses are disputed, (3) why he believes the response is deficient, (4) why defendants' objections are not justified, and (5) why the information he seeks through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, 2016 WL 3196738, at *1 (E.D. Cal. Jun. 9, 2016); Ellis v. Cambra, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).

C. Discussion

1. *Defendant J. Weiss*

As argued by plaintiff, and conceded by defendant J. Weiss, defendant J. Weiss belatedly responded to plaintiff's second request for production of documents. Due to such delay, plaintiff should be entitled to file a motion to compel further responses. Therefore, plaintiff's request to file a second motion to compel (ECF No. 57) is granted, and defendant J. Weiss shall file an

///

opposition or statement of non-opposition to plaintiff's motion (ECF No. 59) within 21 days from the date of this order. Plaintiff's reply, if any, shall be filed fourteen days thereafter.

### 2. Defendant J. Quiring

Plaintiff seeks additional responses to the following three requests for production of documents ("RPD"), second set, propounded to defendant J. Quiring.

#### a. RPD No. 4

> RPD No. 4: PRODUCE: Copy of actual document(s) that establish "A Chief Disciplinary Officer certified you as competent to serve as a senior hearing officer, during prison inmate disciplinary hearing."
>
> RESPONSE TO RPD No. 4: The request as written is vague, ambiguous as to the term "actual document(s)" and that the request is overbroad as to time. Also, that the request lacks foundation. Without waiving said objections the defendant claims that after a diligent search and reasonable inquiry the document responsive to this request could not be located, and that the document they are trying to locate is a Memorandum signed by the program Associate Warden that indicates the individual requesting certification as a Senior Hearing Officer has received on-the-job training covering the responsibilities of a Senior Hearing Officer and has observed five disciplinary hearings. The document defendant claims is located at another institution and he will continue to try to locate this document and will produce it should it be found.

(ECF No. 53 at 3-4.)

Plaintiff contends that his request must be liberally construed because he proceeds pro se. (Id. at 4.) Plaintiff clarifies that he sought the document establishing that defendant J. Quiring was certified by a Chief Disciplinary Officer ("CDO") or designee as competent to serve as a Senior Hearing Officer ("SHO") during a prison inmate disciplinary hearing." (Id.) Plaintiff claims that Title 15, § 3310(d) requires that for a CDCR employee, such as J. Quiring, to serve as a SHO during a prison disciplinary hearing, the employee must be certified by the CDO or designee as competent to serve as a SHO. (Id.) Thus, the request is relevant to establish that defendant J. Quiring was appropriately trained and certified to serve as a SHO for plaintiff's prison disciplinary hearing at issue here. (Id. at 5.) Because the certification is necessary for J. Quiring to serve as SHO, plaintiff contends the request is not overbroad as to time, and defendant should be required to find and produce the certification. (Id.)

///

5

In his opposition, defendant reiterates that he "is working on locating a Memorandum signed by the program Associate Warden that indicates the individual requesting certification as a Senior Hearing Officer has received on-the-job training covering the responsibilities of a Senior Hearing Officer and has observed five disciplinary hearings." (ECF No. 55 at 2.) Defendant responds that should the document be found, it will be promptly produced, and if the document cannot be located, defendant J. Quiring will amend his response accordingly. (Id.)

In reply, plaintiff counters that defendant J. Quiring should be required to timely locate and produce the document requested inasmuch as the certification sought is relevant and required for defendant J. Quiring to have served as SHO in plaintiff's prison disciplinary hearing at issue here.

Section 3310(d) provides:

> Experienced means a permanent employee at the designated level, certified by the Chief Disciplinary Officer (CDO) or designee as competent to serve as a senior hearing officer or hearing officer, as specified. Requirements for certification shall include in-service or on-the-job training in disciplinary procedures, mental health assessment requirements, and observation of five serious/administrative disciplinary hearings. A probationary, limited term, or training and development employee at the designated staff level may be certified as experienced. Acting staff whose permanent position is at a level lower than that required shall not be assigned senior hearing officer/hearing officer responsibility.

Cal. Code Regs. tit. 15, § 3310(d).

The Court overrules defendant J. Quiring's objections to RPD No. 4, and orders defendant to search for and produce the document demonstrating that defendant J. Quiring was certified by the CDO or designee to serve as the Senior Hearing Officer at plaintiff's prison disciplinary hearing. Defendant J. Quiring is granted thirty days to search for and produce the document responsive to RPD No. 4. If defendant is unable to locate the responsive document, defendant shall file a discovery response describing the failed efforts to locate the document.

b. RPD No. 5

> RPD No. 5: PRODUCE: Copy of all document(s) that contain "All the required In Service Training/On The Job Training you received to obtain certification from a Chief Disciplinary Officer as competent to serve as a senior hearing officer, during prison inmate disciplinary hearings."

6

> RESPONSE TO RPD No. 5:  Defendant J. Quiring objects that the request is overbroad as to time and scope, lacks foundation.  Without waiving said objections he produced, as Ex. A, the training records of defendant J. Quiring as kept at MCSP prior to 2020.

(ECF No. 53 at 6.)

In his motion, plaintiff objects that the document produced is not the document plaintiff requested, because the document produced is kept by the department and only lists, by name and title, the specific training courses available to defendant J. Quiring and identified which course he completed.  (Id.)  Plaintiff contends that a good faith reading of RPD No. 5 required the production of "the actual training course material that was review[ed] and stud[ied] by [defendant J. Quiring] in order to obtain certification from CDO as competent to serve as a SHO."  (Id.)  Plaintiff argues such material is relevant because if such training materials required defendant J. Quiring "to refer to Classification Committee for review and approval his decision to place Garcia in C-Status segregated housing and detention" "as punitive disciplinary action upon finding him guilty of the RVR disciplinary charges against him," such evidence would "support proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident," in light of plaintiff's allegations in the first amended complaint.  (Id. at 7.)  Thus, plaintiff argues defendant J. Quiring should be required to further respond to RPD No. 5.

Defendant opposes plaintiff's motion, arguing that plaintiff requested defendant J. Quiring's training records that deemed him competent to serve as a Chief Disciplinary Officer, and defendant produced his training transcript reflecting such training from MCSP where the incident at issue took place.  (ECF No. 55 at 2.)

In reply, plaintiff reiterated his arguments from his motion, and claimed he clarified his RPD No. 5 in his motion to compel to include the course materials.  (ECF No. 57 at 3.)

Plaintiff is advised that it is inappropriate to "clarify" or modify the request for production of documents in a motion to compel.  RPD No. 5 does not expressly seek the underlying course materials involved in the training courses defendant J. Quiring took.  The Court finds that defendant J. Quiring appropriately responded to plaintiff's RPD No. 5.  Defendant's objections are sustained, and no further response to RPD No. 5 is required.

       c.  <u>RPD No. 7</u>

> RPD No. 7: PRODUCE: Copy of any Operational Plan and Procedures, which existed in January 2020 and had been approved by the Secretary of the CDCR, per CCR 3380.(c), that implemented regulation which granted you discretion as a SHO to not comply with CCR 3315.(g) procedural mandates, which state in relevant part as follows: ". . . Any serious disciplinary action requiring reconsideration of an inmates program, work group, or housing assignment, shall be referred to the next reasonable scheduled Classification Committee for review. The review shall not occur until the CDO audit the RVR has been concluded. The Classification Committee shall affirm or modify the inmates program, work group, or housing assignment."
>
> RESPONSE TO RPD No. 7: The request as written is vague and ambiguous as to the term "had been approved" and "granted you discretion" or "not to comply." In addition, the request seeks to obtain attorney work product, called for a legal conclusion, and lacked foundation, or was unintelligible as phrased. Without waiving said objections defendant claims that based upon their limited understanding of the request they are unaware of any documents that are responsive to this request.

(ECF No. 53 at 7-8.)

  In his motion, plaintiff clarifies that "construed liberally when viewed in light of CCR [§] 3380.(c) his written request as made can intelligibly be interpreted" to request "any operational plan and procedures which existed in January/2020 that were approved by the Secretary of the CDCR and implemented regulation at MCSP granting [defendant J.] Quiring as a SHO designee discretion (i.e. the right to choose) to not comply (i.e. to not do what he has been mandated to do) under CCR [§] 3315.(g)." (ECF No. 53 at 8.) Plaintiff contends this document is relevant to establish motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, in light of plaintiff's allegations in the first amended complaint. Plaintiff argues that as clarified, it cannot be said that the request is vague, ambiguous or unintelligible. (<u>Id.</u>)

  In opposition, defendant J. Quiring stands by his objections, and reiterates he is unaware of any documents responsive to RPD No. 7. (ECF No. 55 at 2.)

  In reply, plaintiff contends that his request, construed liberally, render defendant's objections arbitrary and should be disregarded. Plaintiff argues he is requesting a copy of prison

///

8

1 policies and procedures and thus does not seek a legal conclusion.  Thus, he contends defendant J.
2 Quiring should be required to respond to RPD No. 7.
3       As noted above, it is inappropriate to "clarify" or modify the request for production of
4 documents in a motion to compel.  The Court finds defendant's objections that RPD No. 7 is
5 vague, ambiguous, unintelligible and lacks foundation are well-taken.  No further production is
6 required.

7 IV.    MOTION FOR EXTENSION OF TIME
8       Plaintiff filed a motion for extension of time to file an opposition to defendants' March 7,
9 2025 motion for summary judgment.  Although defendants are correct that plaintiff's motion for
10 extension of time to oppose the motion for summary judgment was untimely, the record
11 demonstrates that plaintiff filed his motion to compel discovery prior to the filing of the motion
12 for summary judgment, and at that time, defendant J. Weiss had failed to respond to plaintiff's
13 properly propounded discovery request.  Thus, the Court finds that the motion for summary
14 judgment is premature because discovery disputes remain pending.  Accordingly, the motion for
15 summary judgment (ECF No. 54) is vacated.  Defendants may re-notice the motion for summary
16 judgment by filing a renewed notice of motion, incorporating the March 7, 2025 filings (ECF No.
17 54) after the discovery disputes addressed herein are resolved.  In light of this order, plaintiff's
18 motion for extension of time to oppose the summary judgment motion is now moot, and is
19 denied.

20 V.    REVISED SCHEDULING ORDER
21       In light of this order, the Court sua sponte modifies the discovery and scheduling orders.
22 (ECF Nos. 26, 40.)  The discovery deadline is extended to July 11, 2025, solely for the resolution
23 of plaintiff's motion to compel discovery responses by defendant J. Weiss (ECF No. 59), and for
24 defendant J. Quiring to provide his response to Request for Production No. 4, set two.  No
25 additional discovery is authorized by this order.
26       Further, the pretrial motions deadline is extended to September 12, 2025.  Defendants may
27 re-file their motion for summary judgment by filing a Renewed Notice of Motion, incorporating
28 their March 7, 2025 filings (ECF No. 54) by reference.  However, such renewed notice shall not

be filed until after the Court rules on plaintiff's motion to compel further responses to Requests for Production of Documents, set two, propounded to defendant J. Weiss.

In all other respects, the prior discovery and scheduling orders (ECF No. 26, 40) remain in effect.

## VI.   ORDERS

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time to file a motion to compel defendant J. Weiss to provide further responses (ECF No. 57) is granted, and plaintiff's April 17, 2025 motion to compel (ECF No. 59) is deemed timely filed.

2. Defendant J. Weiss shall file an opposition or statement of non-opposition to plaintiff's motion to compel (ECF No. 59) within twenty-one days from the date of this order; plaintiff's reply, if any, shall be filed fourteen days thereafter.

3. Plaintiff's motion to compel (ECF No. 53) defendant J. Quiring to provide further responses to Request for Production of Documents, set two, is granted as to Request for Production No. 4, and denied in all other respects.

4. Within thirty days from the date of this order, defendant J. Quiring shall search for and produce the document responsive to plaintiff's Request for Production No. 4.

5. Defendants' March 7, 2025 motion (ECF No. 54) is vacated without prejudice to re-notice, as set forth above.

6. Plaintiff's motion for extension of time (ECF No. 60) is denied as moot.

7. The discovery deadline is extended to July 11, 2025, solely for the resolution of plaintiff's motion to compel discovery responses by defendant J. Weiss (ECF No. 59), and for defendant J. Quiring to provide his response to Request for Production of Documents No. 4, set two.  The pretrial motions deadline is extended to September 12, 2025.  In all other respects, the prior discovery and scheduling orders (ECF No. 26, 40) remain in effect.

Dated:  June 3, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/garc1221.mtc2

10