UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN DARIO GARCIA, JR., | No. 2:22-cv-01221-TLN-CSK |
| Plaintiff, | |
| v. | |
| A. CHANDRA, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on pro se Plaintiff Ruben Dario Garcia, Jr.'s ("Plaintiff") Motion for Reconsideration of the assigned magistrate judge's September 12, 2025 order. (ECF No. 70.) For the reasons set forth below, the Court DENIES Plaintiff's motion.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

The general facts of this case are known to both parties. Relevant here, Plaintiff filed a motion to compel Defendant J. Quiring ("Quiring") to provide a further response to Plaintiff's Request for Production of Documents, Set Two ("RPD") No. 4. (ECF No. 53). In response to Plaintiff's RPD No. 4, Quiring objected and stated if a responsive document could be found, it would be promptly produced and if it could not be located, Quiring would amend his response accordingly. (ECF No. 55 at 2.) In ruling on Plaintiff's motion, the magistrate judge overruled Quiring's objections and ordered Quiring to search for and produce the responsive document

1

1  within thirty days. (ECF No. 62 at 5–6.) If the document could not be located, Quiring was
2  directed to file a supplemental response describing the failed efforts to locate the responsive
3  document. (*Id.* at 6.) Quiring filed a supplemental response. (ECF No. 65 at 7–9.)
4        On July 28, 2025, Plaintiff again filed a motion to compel Quiring to provide a further
5  response to RPD No. 4. (*See generally id.*) Quiring filed an opposition and Plaintiff filed a reply.
6  (ECF Nos. 66, 67.) On September 12, 2025, the magistrate judge denied Plaintiff's motions to
7  compel. (ECF No. 70.) Plaintiff now seeks reconsideration of this September 12, 2025 order.
8  (ECF No. 71.)

9      **II.**    **STANDARD OF LAW**

10        A party may object to a non-dispositive pretrial order of a magistrate judge within
11  fourteen days after service of the order. *See* Fed. R. Civ. P. 72(a). The magistrate judge's order
12  will be upheld unless it is "clearly erroneous or contrary to law." *Id.*; 28 U.S.C. § 636(b)(1)(A);
13  E.D. Cal. L.R. 303(f). "A party seeking reconsideration must set forth facts or law of a strongly
14  convincing nature to induce the court to reverse a prior decision." *Martinez v. Lawless*, No. 1:12-
15  CV-01301-LJO-SKO, 2015 WL 5732549, at *1 (E.D. Cal. Sept. 29, 2015) (citing *Kern-Tulare*
16  *Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd*
17  *in part on other grounds*, 828 F.2d 514 (9th Cir. 1987)).
18        Under the "clearly erroneous" standard, "the district court can overturn the magistrate
19  judge's ruling only if the district court is left with the 'definite and firm conviction that a mistake
20  has been committed.'" *E.E.O.C. v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014)
21  (quoting *Burdick v. C.I.R.*, 979 F.2d 1369, 1370 (9th Cir. 1992)). "Thus, review under the
22  'clearly erroneous' standard is significantly deferential.'" *Concrete Pipe and Prods. of Cal., Inc.*
23  *v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A [m]agistrate [j]udge's
24  decision is 'contrary to law' if it applies an incorrect legal standard, fails to consider an element
25  of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of
26  procedure." *Martin v. Loadholt*, No. 1:10-CV-00156-LJO-MJ, 2014 WL 3563312, at *1 (E.D.
27  Cal. July 18, 2014) (citation omitted).
28  ///

### III. ANALYSIS

Plaintiff raises seven objections to the magistrate judge's September 12, 2025, order. (ECF No. 71 at 4–15.) Plaintiff's first through fifth objections relate to the magistrate judge's determination that Quiring's supplemental response was sufficient even though he failed to locate the document. (ECF No. 71 at 4–8.) According to Plaintiff, because the magistrate judge originally overruled Quiring's objections to RPD No. 4, when Quiring supplemented his responses and still did not produce the document, the magistrate judge's decision to deny Plaintiff's motion to compel was clearly erroneous and contrary to law. (*Id.*) Further, Plaintiff argues the magistrate judge's decision ignored the fact that Quiring was required by law to have the document Plaintiff sought and Quiring failed to support that he made a reasonable inquiry and exercised due diligence in his attempt to locate the document. (*Id.* at 9–11.)

The Court disagrees. In Quiring's original response to Plaintiff's RPD No. 4, he stated Defendants were still trying to locate the responsive document. (ECF No. 62 at 5.) The magistrate judge determined this was an insufficient response and directed Quiring to search and produce the responsive document but if the document was unable to be found, Quiring was directed to file a discovery response describing the failed efforts to locate the document. (*Id.* at 5–6.) Upon reviewing Quiring's supplemental response, the magistrate judge concluded the response sufficiently set forth the failed efforts to locate the document and determined the court could not compel Quiring to produce a document that could not be located following a reasonable inquiry and diligent search. (ECF No. 70 at 11–12.) This Court finds no reason to determine otherwise. The Court notes however, that Quiring's inability to produce the document could be relevant to future proceedings.

In Plaintiff's sixth and seventh objections, he takes issue with the magistrate judge's statement that Plaintiff's requests to investigate why Quiring could not locate the document, hold a hearing, and sanction Quiring were improperly raised in reply. (ECF No. 71 at 12.) According to Plaintiff, because he is proceeding pro se, his filings should have been construed more liberally. (*Id.* at 12–13.) Further, Plaintiff argues his requests are allowable and legally sound. (*Id.* at 15–16 (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981).)

The Court again finds no clear error or holding contrary to law.  The magistrate judge noted Plaintiff's requests were improperly raised in reply, but also found Plaintiff was not entitled to the requests he sought even if properly raised.  (ECF No. 70 at 12.)  Again, for the reasons set forth above, the Court agrees.

In sum, given the Court finds no clear error or holding contrary to law, the Court DENIES Plaintiff's motion for reconsideration of the magistrate judge's September 12, 2025 order.

**IV.  CONCLUSION**

Plaintiff's motion for reconsideration (ECF No. 71) is DENIED.

IT IS SO ORDERED.

Date: December 12, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE